IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-31398
Summary Calendar

RALPH JOHN KAMPEN,

Plaintiff-Appellant,

versus

HARRY LEE, Sheriff; GLEN JAMBON, Major;
KENNY DAVIS, Licensed Practical Nurse; HEAD
ADMINISTRATOR CHARITY HOSPITAL NEW ORLEANS;
ADMINISTRATOR OF CLINIC APPOINTMENT DEPT.,
CHARITY HOSPITAL NEW ORLEANS; BOBBY JANDAL,
Secretary LA Dept. of Health & Hospitals;
RICHARD LIPPINCOTT, Deputy Sec. LA Dept. of
Health & Hospitals; HEAD ADMINISTRATOR E.K.
LONG HOSPITAL; HEAD OF UROLOGY CLINIC E.K.
LONG HOSPITAL; DR. BLUE, Urologist; HEAD OF
SURGERY CLINIC, E.K. LONG HOSPITAL; DR.
COMINSKY, Surgeon; C. M. LENSING, Warden;
CORNEL HUBERT, Asst. Warden; ELOISE PARQUET;
G. WIEST, Dr.; M. HEGMANN, Dr.,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 98-CV-1760-L
- - - - - - - - - -
October 25, 1999

Before KING, Chief Judge, and DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Ralph John Kampen, a Louisiana prisoner (# 353990), appeals

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

from the dismissal of his pro se civil rights action as frivolous "and/or" for failure to state a claim under 28 U.S.C. § 1915(e)(2). Kampen sued various Louisiana medical and correctional employees, alleging that they had been deliberately indifferent in treating, or in failing to treat, a testicular condition.** Kampen continues to argue that he was misdiagnosed and subjected to deliberate indifference.

The district court did not abuse its discretion in concluding, after a telephonic hearing pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), that Kampen's claims regarding his treatment at Jefferson Parish Correctional Center ("JPCC") were frivolous, under 28 U.S.C. § 1915(e)(2)(B).*** See Ruiz v. United States, 160 F.3d 273, 274-75 (5th Cir. 1998) (addressing Bivens-type claims by federal inmate). As stated by the magistrate judge in his report recommending that Kampen's JPCC claims be dismissed, Kampen's medical records reflect that he received frequent and consistent medical treatment while he was confined at JPCC. See Norton v. Dimazana, 122 F.3d 286, 291

---

** Some of Kampen's claims addressed a period during which he was confined at the Hunt Correctional Center. Those claims were dismissed by the United States District Court for the Middle District of Louisiana pursuant to FED. R. CIV. P. 54(b), and Kampen's appeal of the dismissal of those claims has already been dismissed by this court. The instant appeal concerns only claims that defendants treated Kampen with deliberate indifference while he was confined at Jefferson Parish Correctional Center.

*** Although the district court effectively dismissed the complaint both as frivolous and for failure to state a claim, this court need not address both of those grounds. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

(5th Cir. 1997).  The judgment of the district court is AFFIRMED.