IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-30236
Conference Calendar
_____

KENNETH R. THOMPSON,

                                        Plaintiff-Appellant,

versus

STEPHEN R. WILSON; FRANK L. LETEFF;
FOSTER SANDERS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 98-CV-824
--------------------

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

     Kenneth R. Thompson appeals the dismissal of his claims
against Frank L. Leteff and Stephen R. Wilson for failure to
state a claim, matter jurisdiction pursuant to Federal Rule of
Civil Procedure 12(b)(6).  Thompson's 42 U.S.C. § 1983 complaint
alleges that Leteff and Wilson conspired with Louisiana state
judge Foster Sanders during the course of litigation in Louisiana
state courts to deprive him of his constitutional rights.

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Thompson does not argue that the district court erred in concluding that Judge Sanders was absolutely immune from suit. Accordingly, he has abandoned this issue on appeal. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The district court lacked subject-matter jurisdiction over Thompson's claims since they essentially sought federal appellate review of a state-court judgment and are "inextricably intertwined" with that judgment. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476 & 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923). Although the district court granted Wilson's and Leteff's motions to dismiss under Fed. R. Civ. P. 12(b)(6), it should have dismissed the case for lack of subject-matter jurisdiction under the Rooker-Feldman doctrine. See Chrissy F. by Medley v. Miss. Dep't of Pub. Welfare, 995 F.2d 595, 598-99 (5th Cir. 1993). The judgment of the district court is affirmed on that ground. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.