IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10897
Summary Calendar
_____

PETER T. COLE,

                                        Plaintiff-Appellant,

versus

DALLAS COUNTY COMMISSIONERS COURT ET AL.,

                                        Defendants,

JIM BOWLES, Sheriff,

                                        Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2952-X
- - - - - - - - - -
May 9, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

    Peter T. Cole, a former detainee at the Dallas County Jail, appeals the district court's order granting summary judgment in favor of defendant Sheriff Jim Bowles in Cole's 42 U.S.C. § 1983 civil rights action, in which he alleged that Bowles and other defendants[**] were deliberately indifferent to his serious medical

_____

[*]    Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[**]    By failing to make appellate arguments regarding the district court's earlier dismissal of defendants Dallas County

needs. Cole, who suffers from diabetes and hypertension, asserted that Bowles, as supervisor over county jails, was deliberately indifferent to his medical needs by failing to adequately train and supervise his security and medical personnel.

Cole contends that the district court erred in granting summary judgment to Bowles because Bowles failed to offer summary-judgment proof. He also suggests that Bowles was personally aware of his medical problems and failed to act to ensure that he received treatment. For essentially the first time on appeal, Cole summarily maintains that Bowles and others unconstitutionally retaliated against him for his filing of grievances and letters regarding these matters. Cole may not raise a claim for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999), cert. denied, 528 U.S. 1138 (2000).

The district court incorrectly applied the law in disposing of Cole's claims. Citing Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997), the court concluded that Cole's claims failed because his medical problems did not establish that he had suffered more than a "'*de minimis*' injury." The "'*de minimis*' injury" standard in Siglar applies to claims that a prisoner was subjected to excessive force by correctional officers. See id. The appropriate standard for addressing Cole's claims is whether

---

Commissioners Court and the Medical Section of the Dallas County Jail, Cole has abandoned any claims against those defendants. Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

the defendants' actions were "sufficiently harmful to evidence deliberate indifference to his serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976).  Although it appears that Cole was a pretrial detainee for at least part of his confinement in the Dallas County Jail and such detainees' constitutional rights flow from the Fourteenth Amendment, the same standard of subjective deliberate indifference is applicable to such a detainee.  See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996) (en banc).

Although the district court applied the wrong legal standard, we may affirm on any alternative ground that is apparent from the record.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).  A review of the evidence of record reflects that Sheriff Bowles was not liable as a supervisor under 42 U.S.C. § 1983.  In response to Bowles' summary-judgment motion, Cole failed to submit evidence establishing a genuine issue of material fact whether Bowles either personally acted with deliberate indifference towards Cole's medical needs or failed to properly train and supervise his subordinates. See Estelle, 429 U.S. at 106; Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir. 1998); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (nonmovant cannot satisfy summary-judgment burden with conclusional allegations, unsubstantiated assertions, or only a scintilla of evidence).  A supervisory official may not be held liable on any theory of vicarious liability.  Thompkins

v. Belt, 828 F.2d 298, 303 (5th Cir. 1987). The district court's order granting Bowles' summary-judgment motion is

AFFIRMED.