IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 01-31275
Summary Calendar

---

LARRY D. JEFFERSON; ET AL,

Plaintiffs,

LARRY D. JEFFERSON,

Plaintiff-Appellant,

versus

LOUISIANA STATE SUPREME COURT; ET AL,

Defendants,

LOUISIANA STATE SUPREME COURT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CV-2200
--------------------
August 9, 2002

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

Larry D. Jefferson appeals the district court's dismissal of his civil rights claims against the Louisiana Supreme Court. As a threshold matter, the Louisiana Supreme Court has questioned this court's jurisdiction on the ground that there was no final

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment disposing of all claims against all parties at the time Jefferson filed his notice of appeal.  While the judgment appealed from was not final at the time it was entered, the district court subsequently certified the judgment as final pursuant to FED. R. CIV. P. 54(b), thus rendering Jefferson's premature notice of appeal effective and this court's appellate jurisdiction proper.  See Swope v. Columbian Chems. Co., 281 F.3d 185, 191 nn. 2 & 5 (5th Cir. 2002).

Jefferson contends that the district court erred in dismissing his claims against the Louisiana Supreme Court for lack of jurisdiction.  Specifically, he argues that the Rooker-Feldman doctrine does not bar his 42 U.S.C. § 1983 facial challenge to the constitutionality of a particular Louisiana Supreme Court rule.  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923).  Jefferson has failed to brief, and has therefore abandoned, any claims against the Louisiana Supreme Court not based on 42 U.S.C. § 1983.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

This court may affirm the district court's judgment on any basis supported by the record.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).  "[E]leventh amendment immunity is a jurisdictional issue that cannot be ignored, for a meritorious claim to that immunity deprives the court of subject matter jurisdiction of the action."  McDonald v. Bd. of Miss. Levee

Comm'rs, 832 F.2d 901, 906 (5th Cir. 1987) (internal quotation marks and citation omitted). In the absence of consent, the Eleventh Amendment bars "a suit [brought in federal court] in which the State or one of its agencies or departments is named as the defendant . . . . [,] regardless of the nature of the relief sought." Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "By statute, Louisiana has refused any . . . waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." Cozzo v. Tangipahoa Parish Council -- President Gov't, 279 F.3d 273, 281 (5th Cir. 2002) (citing La. Rev. Stat. Ann. 13:5106(A)). Although Congress may abrogate the states' sovereign immunity by enacting legislation, 42 U.S.C. § 1983 did not effect any such abrogation. Id.

The Eleventh Amendment clearly bars Jefferson's § 1983 claims against the Louisiana Supreme Court, which is a branch of Louisiana's state government. See S. Christian Leadership Conf. v. Supreme Court of Louisiana, 252 F.3d 781, 783 n.2 (5th Cir.), cert. denied, 122 S. Ct. 464 (2001). The district court thus did not err in dismissing Jefferson's 42 U.S.C. § 1983 claims against the Louisiana Supreme Court for lack of jurisdiction. The judgment of the district court is AFFIRMED.