IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 91-3677
_____


SOJOURNER T, on Behalf of Herself and All
Others Similarly Situated, ET AL.,

                                        Plaintiffs-Appellees,

                        versus

EDWIN W. EDWARDS, As Governor of the State
of Louisiana, ET AL.,

                                        Defendants-Appellants.

*****************************************************************

DR. IFEANYI CHARLES OKPALOBI,

                                        Plaintiff-Appellee,

                        versus

RICHARD P. IEYOUB, Attorney General of
the State of Louisiana, ET AL.,

                                        Defendants-Appellants.
_____

        Appeal from the United States District Court for the
                Eastern District of Louisiana
_____

                        (September 22, 1992)

Before JOLLY, and EMILIO M. GARZA, Circuit Judges, and SHAW,
District Judge.[*]

E. GRADY JOLLY, Circuit Judge:

---

        [*]Chief Judge of the United States District Court of the
Western District of Louisiana, sitting by designation.

This suit challenges the Louisiana Abortion Statute, which criminalizes performing abortions except under very limited circumstances. In the district court, the plaintiffs argued that the Statute is preempted by federal law, that the Statute is unconstitutional under Roe v. Wade, 410 U.S. 113 (1973), that the Statute is unconstitutional under Griswold v. Connecticut, 381 U.S. 479 (1965), and that the Statute is void for vagueness. The state of Louisiana defended the Statute arguing that Roe v. Wade has been overruled sub silentio by Webster v. Reproductive Health Services, 109 S.Ct. 3040 (1989), and its progeny. The district court struck down the Statute, holding that because Roe v. Wade is still good law, the Statute is unconstitutional.

The same arguments are presented to us that were made in the district court. After this case was argued before us, the Supreme Court, in Planned Parenthood of Southeastern Pennsylvania v. Casey, 60 U.S.L.W. 4795, Nos. 91-744 & 91-902 (June 29, 1992), reaffirmed the essential holding of Roe v. Wade. Because the Louisiana statute is clearly unconstitutional under Casey, we affirm the district court's order.

I

Sojourner T., et al., brought this suit in federal district court challenging the Louisiana Abortion Statute. They argued that the statute is preempted by the Food, Drug and Cosmetic Act[1] and by

---

[1]21 U.S.C. § 360K (1988).

FDA regulations approving the use of certain contraceptives. They also argued that the statute violates the Commerce Clause and that it is unconstitutional under Roe v. Wade and Griswold v. Connecticut. They requested declaratory and injunctive relief.

Dr. Okpalobi, also seeking declaratory and injunctive relief, challenged the Louisiana statute on vagueness grounds. The district court consolidated these two cases.

Motions for judgment on the pleadings and supporting memoranda were filed by all parties. Pursuant to Fed. R. Civ. P. 12(c), the district court granted the plaintiffs' motion for judgment on the pleadings on the grounds that under Roe v. Wade, the Louisiana Abortion Statute is unconstitutional. The state appeals.

II

The Louisiana Abortion Statute was passed on June 18, 1991.[2] It amends and reenacts LSA-R.S. 14:87. The Statute makes it a crime to "administer[] or prescrib[e] any drug, potion, medicine, or any other substance to a female" or to "us[e] any instrumental or external force whatsoever on a female" "with the specific intent of terminating a pregnancy." The Statute provides exceptions when: (1) the physician terminates the pregnancy in order to preserve the life or health of the unborn baby or to remove a dead unborn child; (2) the physician terminates the pregnancy to save the life of the mother; (3) pregnancy is the result of rape; and (4) pregnancy is

---

[2]1991 La. Acts 26.

the result of incest.  Before an abortion can be performed under the rape and incest exceptions, certain reporting requirements must be met.  For example, the victims must report the rape or incest to law enforcement officials.  Also, abortions performed on rape and incest victims must be performed within the first thirteen weeks of pregnancy.

No criminal liability attaches to a woman seeking or procuring an abortion.

### III

In urging us to uphold the Statute, the state concedes that Roe v. Wade has not been expressly overruled.  Instead, the state argues that Roe has been overruled sub silentio by Webster and its progeny.

On the other hand, Sojourner, et al., argue that we should avoid deciding this case on constitutional grounds.  Instead, we should affirm the district court on the grounds that the Statute is preempted by FDA regulations and by the Food, Drug and Cosmetic Act.  They also present alternative arguments: we should affirm the district court on the grounds that the Statute violates the Commerce Clause, on the grounds that the Statute is unconstitutional under Griswold, or on the grounds that the Statute is unconstitutional under Roe.  Their argument that the Statute is preempted by federal law, that the Statute violates the Commerce Clause, and that the statute is unconstitutional under Griswold is contingent on their particular reading of the Statute.  They argue

that the Statute criminalizes the use of contraceptives in Louisiana that act after conception. They argue that if we entertain doubts about this construction of the Statute, we should, before reaching the other issues in this case, certify to the Louisiana Supreme Court the question of whether the Statute criminalizes the use of certain contraceptives.

Dr. Okpalobi argues that the Statute is unconstitutionally vague. His vagueness argument emphasizes the elusiveness of the definitions of the rape and incest exceptions. He also argues that this court should certify to the Louisiana Supreme Court the question of whether the Act violates the right to privacy guaranteed by Article 1, Section 5 of the Louisiana Constitution.

IV

Below, the plaintiffs challenged the facial validity of the Statute. Thus, we must determine whether the plaintiffs are correct that the Statute cannot be construed and applied without infringing upon constitutionally protected rights. Rust v. Sullivan, 111 S.Ct. 1759, 1767 (1991). The district court found that Roe v. Wade is still good law and that the Louisiana Abortion Statute clearly transgresses those constitutional rights, as enunciated in Roe v. Wade, of women who seek an abortion.

The Supreme Court recently reaffirmed the essential holding of Roe v. Wade in Casey. Casey, 60 U.S.L.W. at 4798. In Casey, the Court held that a woman has a right to chose to have an abortion before viability and that legislation restricting abortions before

-5-

viability must not place an undue burden on that right. Id. "An undue burden exists, and therefore a provision of law is invalid, if its purpose or effect is to place a substantial obstacle in the path of a woman seeking an abortion before the fetus attains viability." Id. at 4807. The Court held that before viability, a State's interests are not strong enough to support a prohibition of abortion. Id. at 4798. Thus, the Louisiana statute is clearly unconstitutional under Casey.

                                    V

Sojourner, et al., urge us to avoid deciding this case on constitutional grounds and to affirm the district court on the grounds that the Statute is preempted by FDA regulations and the Food, Drug and Cosmetic Act, arguing that we must, when possible, decide a case on statutory rather than constitutional grounds. We can, of course, affirm the district court's judgment on any grounds supported by the record. Mangaroo v. Nelson, 864 F.2d 1202, 1204 n.2 (5th Cir. 1989). Furthermore, we acknowledge that it is usually true that if a case can be decided either on statutory or constitutional law, we should address the statutory issue first. Harris v. McRae, 448 U.S. 297, 306-307 (1980). We do not think, however, that the facts and the procedural posture of this case warrant the application of this jurisprudential principle. The plaintiffs brought a facial challenge to the constitutionality of the Statute. The district court entered a judgment on the pleadings on the grounds that the Statute was unconstitutional

-6-

under <u>Roe v. Wade</u>. It did not address the preemption issue. There was no trial or hearing to develop the record with respect to the several crucial factual and legal issues that underlie the preemption arguments, including whether certain contraceptives act after contraception, and if so, whether the Statute criminalizes the use of these contraceptives. Additionally, we are not applying a new interpretation of the Constitution to decide this case; we are only applying the clear holding of <u>Casey</u>. Therefore, the facts and posture of this case do not obligate us to reach the statutory issue first.[3]

Similarly, Dr. Okpalobi urges us to avoid deciding the case on federal constitutional grounds by certifying the question to the Louisiana Supreme Court whether, because it invades the right of privacy, the Statute is unconstitutional under the Article 1, Section 5 of the Louisiana Constitution. Because Dr. Okpalobi raises this issue for the first time on appeal, we do not address it. <u>Honeycutt v. Long</u>, 861 F.2d 1346, 1352 (5th Cir. 1988). Planned Parenthood of Louisiana, as amicus curiae, argues that we should abstain from deciding this case because there is a pending state court challenge to the Statute under the Louisiana

---

[3]Since we decide this case on the grounds that the Statute is unconstitutional under <u>Casey</u>, Sojourner's motion to certify the question of whether the Louisiana Abortion Statute criminalizes the use of certain contraceptives is denied.

Constitution.[4]  This argument was also raised for the first time on appeal, and we therefore do not address it.  <u>United States v. Allegheny-Ludlum Industries, Inc.</u>, 517 F.2d 826, 840 n.13 (5th Cir. 1975), <u>cert. denied</u>, 425 U.S. 944 (1976).

VI

In conclusion, we hold that the Louisiana statute, on its face, is plainly unconstitutional under <u>Casey</u> because the statute imposes an undue burden on women seeking an abortion before viability.[5]  The order of the district court is therefore

A F F I R M E D.

EMILIO M. GARZA, Circuit Judge, concurring specially:

I agree with Judge Jolly that "the Supreme Court, in *Planned Parenthood of Southeastern Pennsylvania v. Casey*, . . . reaffirmed the essential holding of *Roe v. Wade*"[6] and that "the Louisiana [Abortion] Statute is clearly unconstitutional under *Casey*."[7]  *See*

---

[4]Apparently, the state court action was stayed pending the outcome of this suit.

[5]Because we decide the case on the grounds that the Statute is unconstitutional under <u>Casey</u>, we do not reach the appellees' arguments that the Statute violates the Commerce Clause, that the Statute is unconstitutional under <u>Griswold</u>, or that the Statute is unconstitutionally vague.

[6]  410 U.S. 113, 93 S. Ct. 705, 35 L. Ed. 2d 147 (1973).

[7]  Slip op. at 2.

*Planned Parenthood v. Casey*, ___ U.S. ___, 112 S. Ct. 2791, 2804, 120 L. Ed. 2d 674 (1992) ("After considering the fundamental constitutional question resolved by *Roe*, principles of institutional integrity, and the rule of *stare decisis*, we are led to conclude this: the essential holding of *Roe v. Wade* [that a woman has the right to terminate her pregnancy before viability] should be retained and once again reaffirmed."). Accordingly, I concur in Judge Jolly's opinion.

*Casey*, nonetheless, causes me concern. "The issue is whether [abortion] is a liberty protected by the Constitution of the United States." *Id*. at 2874 (Scalia, J., dissenting). Two essential facts seem apparent: " [T]he Constitution says absolutely nothing about [abortion], and . . . the longstanding traditions of American Society have permitted [abortion] to be legally proscribed."[8] *Id*. (footnote omitted) (citation omitted). *Casey* "decorate[s] a value judgment[9] and conceal[s] a political choice." *Id*. at 2875. If

---

[8] *Compare Roe*, 410 U.S. at 138-42, 93 S. Ct. at 719-21 (historical review of abortion laws in America) *with Michael H. v. Gerald D.*, 491 U.S. 110, 121-28, 109 S. Ct. 2333, 2341-44, 105 L. Ed. 2d 91 (1989) (overview of presumption of legitimacy) *and Bowers v. Hardwick*, 478 U.S. 193, 191-95, 106 S. Ct. 2841, 2844-46, 92 L. Ed. 2d 140 (1986) (brief history and list of sodomy laws in America).

[9] The joint opinion states: "Our obligation is to define the liberty of all, not to mandate our own moral code. The underlying constitutional issue is whether the State can resolve these philosophic questions in such a definitive way that a woman lacks all choice in the matter, except perhaps in those rare circumstances in which the pregnancy is itself a danger to her own life or health, or is the result of rape or incest." *Casey*, 112 S. Ct. at 2806. I do not agree with the joint opinion's articulation of the issue. First, States legislate morality every day in the form of criminal statutes. For example, "[a] person commits an offense if he . . . intentionally or knowingly causes the death of an individual," *see* Tex. Pen. Code Ann. § 19.02 (West 1992), is the legal formulation of the commandment: "Thou shall not kill." *See Bowers v. Hardwick*, 478 U.S. at 196, 106 S. Ct. at 2846 ("The law, however, is constantly based on notions of morality, and if all laws representing essentially moral choices are to be invalidated under the Due Process Clause, the courts [would] be very busy indeed.").
Second, the underlying constitutional issue is not "whether the State can resolve these philosophic questions in such a definitive way that a woman

this assessment is correct, the Court's reaffirmance))whether viewed as a good or bad result))has accelerated the Court "towards systematically eliminating checks upon its own power; and [at least with *Roe* and *Casey*] it [has] succumb[ed] [to this temptation]". *Id*. at 2874.

Because the decision to permit or proscribe abortion is a political choice, I would allow the people of the State of Louisiana to decide this issue for themselves.[10]  Nonetheless, I acknowledge that *Casey* controls, and therefore, I concur.

---

lacks all choice in the matter," but whether States have the constitutional power to make this ontological choice.  For example, States choose for ontological reasons, to protect the lives of their citizens.  In this instance, "liberty" gives way to protection of human life. *See  Casey*, 112 S. Ct. at 2859 (Rehnquist, C.J., dissenting) ("To look `at the act which is assertedly the subject of a liberty interest in isolation from its effect upon other people [is] like inquiring whether there is a liberty interest in firing a gun where the case at hand happens to involve its discharge into another person's body.'" (quoting  *Michael H. v. Gerald D.*, 491 U.S. at 124 n.4, 109 S. Ct. at 2342 n.4 (1989))).  The ultimate question))if one accepts the joint opinion's view that viability is critical))is whether States have the constitutional authority to decide for themselves whether viability makes an ontological difference.

[10] *See Michael H.*, 491 U.S. at 122, 109 S. Ct. at 2341 ("Whenever the Judiciary [realizing that the present construction of the Due Process Clause represents a major judicial gloss on its terms, as well as on the anticipation of the Framers, strikes down legislation adopted by a State], it unavoidably pre-empts for itself another part of the governance of the country without express constitutional authority." (quoting *Moore v. East Cleveland*, 431 U.S. 494, 544, 97 S. Ct. 1932, 1958, 52 L. Ed. 2d 531 (1977))).