Justice Scalia,
with whom The Chief Justice and Justice White join,
dissenting.
I dissent from the denial of the petition for writ of certiorari. The Ninth Circuit held in this case that Guam Pub. L. 20-134, outlawing all abortions except in eases of medical emergency, is unconstitutional on its face. That seems to me wrong, since there are apparently some applications of the statute that are perfectly constitutional.
*1012 Statutes are ordinarily challenged, and their constitutionality evaluated, “as applied” — that is, the plaintiff contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. The practical effect of holding a statute unconstitutional “as applied” is to prevent its future application in a similar context, but not to render it utterly inoperative. To achieve the latter result, the plaintiff must succeed in challenging the statute “on its face.” Our traditional rule has been, however, that a facial challenge must be rejected unless there exists no set of circumstances in which the statute can constitutionally be applied. See, e.g., United States v. Salerno, 481 U. S. 739, 745 (1987) (Bail Reform Act of 1984 not facially unconstitutional). “[Cjourts are not,” we have said, “roving commissions assigned to pass judgment on the validity of the Nation’s laws.” Broadrick v. Oklahoma, 413 U. S. 601, 610-611 (1973). The only exception to this rule recognized in our jurisprudence is the facial challenge based upon First Amendment free-speech grounds. We have applied to statutes restricting speech a so-called “overbreadth” doctrine, rendering such a statute invalid in all its applications (i. e., facially invalid) if it is invalid in any of them. See, e. g., Gooding v. Wilson, 405 U. S. 518, 520-523 (1972).
The Court’s first opinion in the abortion area, Roe v. Wade, 410 U. S. 113 (1973), seemingly employed an “overbreadth” approach— though without mentioning the term and without analysis. See id., at 164. Later abortion decisions, however, have explicitly rejected application of an “overbreadth” doctrine. See Ohio v. Akron Center for Reproductive Health, 497 U. S. 502, 514 (1990) (citing Webster v. Reproductive Health Services, 492 U. S. 490, 524 (1989) (O’Connor, J., concurring in part and concurring in judgment)). As Justice O’Connor explained in Webster, this Court’s previous decisions concerning state and federal funding of abortions “stand for the proposition that some quite straightforward applications of the Missouri ban on the use of public facilities for performing abortions would be constitutional and that is enough to defeat appellees’ assertion that the ban is facially unconstitutional.” Id., at 524. See also Rust v. Sullivan, 500 U. S. 173, 183 (1991) (facial challenge to federal regulations limiting the ability of recipients of federal funds to engage in abortion-related activities “is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circum *1013 stances exists under which the Act would be valid” (internal quotation marks omitted; citation omitted)). The Court did not purport to change this well-established rule last Term, in Planned Parenthood of Southeastern Pa. v. Casey, 505 U. S. 833 (1992).
Facial invalidation based on overbreadth impermissibly interferes with the state process of refining and limiting — through judicial decision or enforcement discretion — statutes that cannot be constitutionally applied in all cases covered by their language. And it prevents the State (or territory) from punishing people who violate a prohibition that is, in the context in which it is applied, entirely constitutional. Under this Court’s current abortion case law, including Casey, I see no reason why the Guam law would not be constitutional at least in its application to abortions conducted after the point at which the child may live outside the womb. If that is so, the Ninth Circuit should have dismissed the present, across-the-board challenge. It is important for this Court to call attention to the point, since the course taken by the Ninth Circuit here was also followed by the- Fifth Circuit in affirming the facial invalidation of Louisiana’s abortion statute, see Sojourner T. v. Edwards, 974 F. 2d 27 (1992)-though it is possible that there, unlike here, the facial challenge point was not asserted by the State.
I would grant certiorari, vacate the decision of the Court of Appeals, and remand the case for the Ninth Circuit to consider, as the prevailing legal standard for facial challenges requires, whether Guam Pub. L. 20-134 has any constitutional applications.