IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-30612
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AMPARO FERNANDEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Louisiana
(92-CR-161-H)

_____

January 10, 1996
Before JOLLY, JONES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Amparo Fernandez appeals from the district court's order
dismissing her petition for a writ of error <u>coram nobis</u>.  In the
petition, Fernandez argued that her conviction for conspiracy with
intent to distribute cocaine violated double jeopardy because she
previously had been subjected to a civil forfeiture pursuant to 21
U.S.C. § 881(a)(6) of $2,000 cash that was taken from her at the
time of her arrest.  Construing Fernandez's petition as a motion
under 28 U.S.C. § 2255, we reach the merits of her argument.

_____

   [*]  Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

In <u>United States v. Tilley</u>, 18 F.3d 295, 298 (5th Cir. 1994), <u>cert. denied</u> <u>sub. nom.</u>, 115 S.Ct. 573 <u>and</u> <u>cert. denied</u>, 115 S.Ct. 574, this court applied the framework established by the Supreme Court in <u>United States v. Halper</u>, 490 U.S. 435 (1989), to determine whether the civil forfeiture of drug proceeds pursuant to 21 U.S.C. § 881(a)(6) was "punishment" for purposes of double jeopardy. This court concluded that the amount forfeited, $650,000, was not so great that it bore no rational relation to the costs incurred by the government and society from the defendant's conduct. <u>Id.</u> at 298-300.

<u>Tilley</u> directly controls and forecloses Fernandez's argument. Fernandez averred in her petition that the $2,000 seized from her on the date of her arrest was seized pursuant to § 881(a)(6). The factual resume supporting her guilty plea provided that Fernandez and others conspired over a one-year period to distribute approximately 2,100 kilograms of cocaine. The $2,000 forfeited clearly was not so great that it bore no rational relation to the costs incurred by the government and society from Fernandez's conduct. Fernandez's civil forfeiture thus was not "punishment" and consequently jeopardy did not attach.

We AFFIRM the district court's dismissal on the foregoing alternative ground.[1]

A F F I R M E D.

---

[1]See <u>Sojourner T. v. Edwards</u>, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm judgment on any basis supported by the record), <u>cert. denied</u>, 113 S.Ct. 1414 (1993).