IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40687
Conference Calendar

_____

THARWAT M. HAMAMCY,

Plaintiff-Appellant,

versus

TEXAS STATE BOARD OF MEDICAL EXAMINERS,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-94-CV-55
--------------------
February 17, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tharwat M. Hamamcy filed a complaint in federal district court against the Texas State Board of Medical Examiners (the Board) under 42 U.S.C. § 1983 alleging that the Board denied him due process and equal protection in revoking his medical license. The Board moved to dismiss the complaint, arguing that it is barred by the Eleventh Amendment to the Constitution, that Hamamcy failed to state a claim under § 1983, and that the suit is barred by the doctrines of res judicata and/or collateral estoppel owing to the fact that five other state and federal lawsuits filed by Hamamcy against the Board have all terminated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in the Board's favor.  The district court granted the motion to dismiss.

We have previously rejected claims by Hamamcy against the Board arising from the revocation of his medical license, on the ground that the Board was entitled to Eleventh Amendment immunity.  Hamamcy v. Texas Bd. of Med. Exam'rs, Case No. 94-60776 (5th Cir. June 29, 1995) (unpublished).[**]  Hamamcy did not brief the res judicata/collateral estoppel basis of the district court's dismissal, and he has thus abandoned that issue.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).  The district court's grant of the motion to dismiss may be affirmed on this theory.  See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm judgment on any basis supported by the record).

This appeal is without arguable merit and thus frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  5th Cir. R. 42.2.  Appellant is cautioned that any future frivolous appeals will be subject to the imposition of sanctions.

DISMISSED.

---

[**] Although unpublished opinions issued on or after January 1, 1996, are not precedent, they may nevertheless be persuasive. See 5th Cir. R. 47.5.4.  Further, such opinions do have precedential value under the doctrines of res judicata and collateral estoppel.