IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41458
Summary Calendar
_____

CLIFTON DALE PHILLIPS,

Plaintiff-Appellant,

versus

GERALD GARRETT,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:99-CV-226
--------------------
October 24, 2000

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Clifton Dale Phillips, Texas prisoner # 601560, appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action against Gerald Garrett as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Phillips argues that the district court erred in dismissing his § 1983 action as not timely filed within the applicable two-year limitations period. He argues that his complaint filed on September 28, 1999, was timely filed within two years of two incidents in 1998 and 1999 in which the Parole Board considered an offense of which he was acquitted. He argues

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the Parole Board's consideration of the offense of which he was acquitted violated his constitutional rights.  Even if the district court may have erred in dismissing Phillips' § 1983 action as untimely, the district court's judgment may be affirmed on the alternative ground that Phillips' allegations, that the Parole Board considered unreliable or false information in making a parole determination, do not state a federal constitutional violation.  See Johnson v. Rodriquez, 110 F.3d 299, 308-09 (5th Cir. 1997); see also Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm district court's judgment on any ground supported by the record).

Phillips has filed a motion for appointment of counsel. Because Phillips' pleadings in the district court and on appeal indicate that he is capable of representing himself adequately and because this case does not present "exceptional circumstances" warranting appointment of counsel, Phillips' motion for appointment of counsel is DENIED.  See Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991).

AFFIRMED; MOTION FOR APPOINTMENT OF COUNSEL DENIED.