IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-11119
Summary Calendar

_____

AHMAD CARDELL HOUSTON,

                                    Plaintiff-Appellant,

versus

MOLLEE WESTFALL, Prosecutor;
SCOTT WISCH, Judge,

                                    Defendant's-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:01-CV-466-A
--------------------
December 12, 2001
Before DAVIS, BENAVIDES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Ahmad Cardell Houston appeals the district court's dismissal

without prejudice of his 42 U.S.C. § 1983 complaint, which the

district court construed as an application for habeas relief

pursuant to 28 U.S.C. § 2254.  Houston filed his complaint

against a state prosecutor and judge, alleging that they violated

his constitutional right to a speedy trial.

     Although at the time he filed his complaint Houston was a

pretrial detainee in the Tarrant County Jail, the record

_____

     [*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

indicates that he was released from custody at the time he filed his notice of appeal. Accordingly, Houston is not entitled to habeas relief. See Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)("to be eligible for habeas relief, a petitioner must be 'in custody'").

Because the state record has not been included in the record on appeal, this court cannot evaluate the current status of Houston's case or determine whether a speedy trial violation has occurred. Accordingly, we affirm the district court's dismissal on the alternate ground that Houston has failed to establish a claim under 42 U.S.C. § 1983. See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.