United States Court of Appeals
Fifth Circuit

**F I L E D**

April 17, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40625
Conference Calendar

DAVID KENT FITCH,

                                        Plaintiff-Appellant,

versus

C.D. ADAMS, M.D.; A. VILLASON, M.D.; P. HASHOP, R.N.; JOHN MILES,
Warden,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:05-CV-255
---------------------

Before HIGGINBOTHAM, BENAVIDES, and PRADO, Circuit Judges.

PER CURIAM:[*]

    David Kent Fitch, federal prisoner # 34775-048, appeals the

dismissal of his Bivens[**] action alleging that the defendants

were deliberately indifferent to Fitch's serious medical needs by

providing constitutionally inadequate treatment for a hernia and

a serious spinal condition.  The district court dismissed his

complaint without prejudice for failure to exhaust administrative

remedies as required by 42 U.S.C. § 1997e(a).  After the district

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

    [**] Bivens v. Six Unknown Named Agents of Federal Bureau of
Narcotics, 403 U.S. 388 (1971).

court entered judgment in this case, the United States Supreme Court clarified that exhaustion of remedies is an affirmative defense that need not be pleaded and proven in a prisoner's initial complaint.  Jones v. Bock, 127 S. Ct. 910, 918-22 (2007).

It is unnecessary to remand this case to the district court because we conclude that the dismissal of the complaint may be affirmed on other grounds.  See Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).  It is clear from Fitch's complaint and his appellate brief that his claims concern malpractice and disagreement with his medical treatment.  These allegations do not establish the constitutional violation necessary for a plaintiff to prevail in a Bivens action.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Accordingly, we modify the judgment to reflect that the complaint is dismissed with prejudice and we affirm as modified.

AFFIRMED AS MODIFIED.