United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 18, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-40671
Summary Calendar

———————————

JESUS MENDOZA,

                                        Plaintiff-Appellant,

versus

DAVID MORON, In his official capacity as agent of the Rio Grande
Center/Texas Department of State Health Service; NANCY E. MURRAY,
In her official capacity as agent of the Department of Assistive
and Rehabilitative Services; STEVEN R. ALEMAN, In his official
capacity as agent of the Department of Rehabilitative Services,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CV-184
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

        Jesus Mendoza, also known as Jesus Mendoza Maldonado,
appeals from the grant of summary judgment for the defendants in
his civil action that raised claims under the Rehabilitation Act,
29 U.S.C. § 794, 42 U.S.C. § 1983, and the Due Process Clause.
Mendoza moves for leave to proceed in forma pauperis (IFP) on
appeal and for the production of the transcript of his hearing in
the district court.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Mendoza contends that he established his disability of electricity sensitivity and that the determination of an Administrative Law Judge that he was not disabled for the purpose of receiving disability benefits under the Social Security Act should not have been used to preclude a determination of disability regarding his Rehabilitation Act contentions. We dispose of Mendoza's Rehabilitation Act contentions on a ground other than the collateral estoppel effect of the decision of the Administrative Law Judge. See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992). To prevail under the Rehabilitation Act, Mendoza must show that he was discriminated against solely on the basis of a disability. See § 794(a). Mendoza's allegations indicated that he was denied rehabilitative services because he was found not to be disabled, and not because of any discrimination against him on the basis of his asserted disability. The district court did not err by granting summary judgment. See Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Mendoza contends that he was deprived of due process at his state administrative hearing. Process is due only if there exists a constitutionally protected interest. See Rivers v. Schweiker, 684 F.2d 1144, 1158 (5th Cir. 1982). The statutes governing rehabilitation benefits in Texas do not create any contractual expectation of benefits giving rise to any constitutionally protected interest. See TEX. HUM. RES. CODE ANN.

§ 111.052 (Vernon 2001); <u>Weinberger v. Salfi</u>, 422 U.S. 749, 772 (1975); <u>Jones v. Dept. of Health and Human Servs.</u>, 843 F.2d 851, 854 (5th Cir. 1988). Mendoza's argument that he was deprived of due process at his state administrative hearing therefore is unavailing.

Mendoza contends that the district court erred by finding that he has no right to amend his medical records because state law provides him with such a right. Mendoza does not allege what he would add or delete from his medical records. He has failed to brief the issue for appeal. <u>See</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

Mendoza contends that the district court erred by not ruling on, and granting, his motion to amend his complaint. The district court did not abuse its discretion by failing to grant the motion to amend. <u>See</u> <u>Dussouy v. Gulf Coast Inv. Corp.</u>, 660 F.2d 594, 597 (5th Cir. 1981).

Mendoza's appeal is without arguable merit and is frivolous. <u>See</u> <u>Howard v. King</u>, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, IFP is denied and the appeal is dismissed. <u>See</u> 5TH CIR. R. 42.2. Additionally, because the appeal is frivolous, Mendoza's motion for the transcript of the hearing in the district court is denied. <u>See</u> 28 U.S.C. § 753(f).

Finally, we recently warned Mendoza that "future frivolous filings will subject him to sanctions." <u>Maldonado v. Lindquist</u>, 197 F. App'x 343, 344 (5th Cir. 2006) (unpublished). Mendoza

filed his notice of appeal and his brief in the instant case before we issued that warning. We repeat our warning that future frivolous filings will subject Mendoza to sanctions, whether he proceeds as Jesus Mendoza or Jesus Mendoza Maldonado.

IFP DENIED; TRANSCRIPT DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.