**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 3, 2011

Lyle W. Cayce
Clerk

No. 10-51019
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

HECTOR ALBA, also known as Curly,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-157-3

Before JOLLY, GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Hector Alba appeals his conditional guilty plea conviction and sentence for possession with intent to distribute 100 grams or more of heroin. As part of his plea agreement, Alba specifically reserved the right to appeal the denial of a motion to suppress contraband seized following a warrantless entry into his house. Alba argues on appeal that there was no showing of exigent circumstances justifying the warrantless entry and, alternatively, that law enforcement agents manufactured the exigent circumstances. He also argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that his connection to the seized contraband was a direct or derivative result of the allegedly illegal entry into his house and thus the district court erred in not suppressing his identity or body.

In considering a ruling on a motion to suppress based on live testimony, we review a district court's conclusions on Fourth Amendment issues de novo and its factual findings for clear error. *United States v. Gomez-Moreno,* 479 F.3d 350, 354 (5th Cir. 2007). However, because Alba did not raise his manufactured-exigency argument in his motion to suppress, that issue is reviewed for plain error. *See United States v. Baker*, 538 F.3d 324, 328-29 & n.1 (5th Cir. 2008)

Whether exigent circumstances existed is a factual finding reviewed for clear error. *United States v. Maldonado,* 472 F.3d 388, 392 (5th Cir. 2006). In evaluating exigent circumstances, we consider "the appearance of the scene of the search in the circumstances presented as it would appear to reasonable and prudent men standing in the shoes of the officers." *United States v. Rodea,* 102 F.3d 1401, 1405 (5th Cir. 1996). When reasonable minds may disagree, we will "not second-guess the judgment of experienced law enforcement officers concerning the risks of a particular situation." *United States v. Hearn*, 563 F.3d 95, 106 (5th Cir. 2009) (internal quotation marks and citation omitted). We conclude that the district court did not clearly err in finding the existence of exigent circumstances based on the need to protect the agents from persons inside the residence, the risk of destruction of evidence inside the house, and the belief that the occupants of Alba's residence were aware of the agents' presence. We also conclude that the district court did not err, plainly or otherwise, in finding that the agents did not manufacture the exigent circumstances, as the evidence does not demonstrate that the agents either engaged or threatened to engage in conduct that violated the Fourth Amendment. *See Kentucky v. King,* 131 S. Ct. 1849, 1858 (2011); *United States v. Rico*, 51 F.3d 495, 502 (5th Cir. 1995). Additionally, any attempt by Alba, the owner of the house at issue, to suppress his identity or body fails as "[t]he 'body' or identity of a defendant or

respondent in a criminal or civil proceeding is never itself suppressible . . . even if it is conceded that an unlawful arrest, search or interrogation occurred." *I.N.S. v. Lopez-Medina*, 468 U.S. 1032, 1039 (1984).

Moreover, even assuming the unlawfulness of the agents' entry into Alba's house, the district court's denial of his motion to suppress must be affirmed based on the untainted portions of the search warrant obtained by the agents after their entry. *See Hearn*, 563 F.3d at 102; *see also Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir.1992) ("We can . . . affirm the district court's judgment on any grounds supported by the record.").

AFFIRMED.