PHI, INCORPORATED, Plaintiff–
Appellee–Cross–Appellant

v.

OFFICE & PROFESSIONAL EM-
PLOYEES INTERNATIONAL UN-
ION; Local 108, Office & Professional
Employees International Union; Cyn-
thia Aber; Howard A. Albecker;
Thomas R. Andary; et al., Defen-
dants–Appellants–Cross–Appellees.

No. 10–31040.

United States Court of Appeals,
Fifth Circuit.

Sept. 12, 2011.

Before SMITH, BENAVIDES, and
HAYNES, Circuit Judges.

PER CURIAM: *

A labor dispute between PHI, Incorpo-
rated ("PHI") on the one hand and certain
individual pilot employees ("Individual Pi-
lots"), Office & Professional Employees In-
ternational Union ("OPEIU"), and Local
108, Office & Professional Employees In-
ternational Union ("Local") (all collectively
called the "Unions") on the other hand
spawned two appeals. The case giving
rise to this appeal came to be known as the
"Bargaining Suit."

The facts are well-known to the parties,
so we recite them only briefly here. PHI
is a "carrier" under 45 U.S.C. § 181.
OPEIU and its Local 108 are labor organi-
zations who are certified as the bargaining
representatives for PHI's pilots. After ex-
piration of the then-existing collective bar-
gaining agreement ("CBA"), the parties'
negotiations over a new CBA broke down.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Following the Unions' rejection of arbitration as offered by the National Mediation Board (and PHI's silence in response to the offer of arbitration), the parties were released to "self-help" on August 28, 2006. The Unions engaged in a strike commencing on September 20, 2006, and ending on November 10, 2006. The district court wrote several very careful and thorough memorandum opinions over the two cases (which were ultimately consolidated for trial before the court's ruling on dispositive motions obviated the need for a trial). Having considered the district court's reasoning, the parties' briefing, and the arguments of counsel at oral argument, we turn to the issues in this appeal.

■ 1. *Implementing Better Terms.* The Unions contend that PHI violated the Railway Labor Act ("RLA") by making unilateral changes during self-help (but before the strike) to improve pilot pay and making those changes retroactive (by a short time) to a period before self-help. We agree with the district court that such conduct by PHI was permissible unless it struck a "fundamental blow" to the Unions. *Trans World Airlines v. IFFA,* 489 U.S. 426, 442, 109 S.Ct. 1225, 103 L.Ed.2d 456 (1989). We also agree that this conduct did not strike such a blow, so we affirm the district court's disposition of this matter for substantially the same reasons expressed in that court's order. Because of this ruling, we do not reach the question of whether the pre-self-help rejection of arbitration would bar the Unions from seeking injunctive or other equitable relief for the alleged bad faith bargaining by PHI.

■ 2. *Wage Claims.* The Unions also contend that certain improper deductions were taken from "last" paychecks mailed by PHI to certain pilots and appeal the district court's dismissal of their claims under Louisiana Revised Statute Section 23:631 providing a remedy for failure to pay final wages owed. We agree with the district court that these claims are preempted because they require resort to the CBA for resolution and therefore do not reach whether Section 23.631 offers relief to a pilot who is not discharged and does not resign.[1]

3. *PHI's Cross–Appeal.* PHI also cross-appeals the district court's dismissal of its injunctive claims. PHI challenges the district court's holding that PHI's silence in the face of the National Mediation Board's offer of arbitration constituted a rejection that bars PHI's claims for injunctive or equitable relief. We need not decide the correctness of this ruling because we agree with the Unions that PHI did not challenge the alternative bases for the district court's ruling, including that PHI waited too long to seek injunctive relief and that the declaratory relief it seeks would not resolve any live controversy. *Sojourner T v. Edwards,* 974 F.2d 27, 30 (5th Cir.1992) ("We can, of course, affirm the district court's judgment on any grounds supported by the record.").

AFFIRMED.

---

1. Because of our disposition of these claims, we do not reach PHI's cross-appeal regarding penalty wages under Louisiana Revised Statute Section 23.532.