# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 12, 2011

Lyle W. Cayce
Clerk

No. 10-31040

P H I, INCORPORATED,

　　　　　Plaintiff - Appellee-Cross-Appellant

v.

OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL UNION;
LOCAL 108, OFFICE & PROFESSIONAL EMPLOYEES INTERNATIONAL
UNION; CYNTHIA ABER; HOWARD A. ALBECKER; THOMAS R.
ANDARY; ET AL,

　　　　　Defendants - Appellants - Cross - Appellees

Appeals from the United States District Court
for the Western District of Louisiana
Dist. Ct. No. 6:06-cv-01469

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

A labor dispute between PHI, Incorporated ("PHI") on the one hand and
certain individual pilot employees ("Individual Pilots"),  Office & Professional
Employees International Union ("OPEIU"), and Local 108, Office & Professional
Employees International Union ("Local") (all collectively called the "Unions") on
the other hand spawned two appeals.  The case giving rise to this appeal came
to be known as the "Bargaining Suit."

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 10-31040

The facts are well-known to the parties, so we recite them only briefly here.  PHI is a "carrier" under 45 U.S.C. § 181.  OPEIU and its Local 108 are labor organizations who are certified as the bargaining representatives for PHI's pilots.  After expiration of the then-existing collective bargaining agreement ("CBA"), the parties' negotiations over a new CBA broke down.  Following the Unions' rejection of arbitration as offered by the National Mediation Board (and PHI's silence in response to the offer of arbitration), the parties were released to "self-help" on August 28, 2006.  The Unions engaged in a strike commencing on September 20, 2006, and ending on November 10, 2006.  The district court wrote several very careful and thorough memorandum opinions over the two cases (which were ultimately consolidated for trial before the court's ruling on dispositive motions obviated the need for a trial).  Having considered the district court's reasoning, the parties' briefing, and the arguments of counsel at oral argument, we turn to the issues in this appeal.

1. *Implementing Better Terms.*  The Unions contend that PHI violated the Railway Labor Act ("RLA") by making unilateral changes during self-help (but before the strike) to improve pilot pay and making those changes retroactive (by a short time) to a period before self-help.  We agree with the district court that such conduct by PHI was permissible unless it struck a "fundamental blow" to the Unions. *Trans World Airlines v. IFFA*, 489 U.S. 426, 442 (1989).  We also agree that this conduct did not strike such a blow, so we affirm the district court's disposition of this matter for substantially the same reasons expressed in that court's order.  Because of this ruling, we do not reach the question of whether the pre-self-help rejection of arbitration would bar the Unions from seeking injunctive or other equitable relief for the alleged bad faith bargaining by PHI.

2.     *Wage Claims.*   The Unions also contend  that certain improper deductions were taken from "last" paychecks mailed by PHI to certain pilots and

No. 10-31040

appeal the district court's dismissal of their claims under Louisiana Revised Statute Section 23:631 providing a remedy for failure to pay final wages owed. We agree with the district court that these claims are pre-empted because they require resort to the CBA for resolution and therefore do not reach whether Section 23.631 offers relief to a pilot who is not discharged and does not resign.[1]

3. *PHI's Cross-Appeal.* PHI also cross-appeals the district court's dismissal of its injunctive claims. PHI challenges the district court's holding that PHI's silence in the face of the National Mediation Board's offer of arbitration constituted a rejection that bars PHI's claims for injunctive or equitable relief. We need not decide the correctness of this ruling because we agree with the Unions that PHI did not challenge the alternative bases for the district court's ruling, including that PHI waited too long to seek injunctive relief and that the declaratory relief it seeks would not resolve any live controversy. *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992) ("We can, of course, affirm the district court's judgment on any grounds supported by the record.").

AFFIRMED.

---

[1] Because of our disposition of these claims, we do not reach PHI's cross-appeal regarding penalty wages under Louisiana Revised Statute Section 23.532.