# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 4, 2013

Lyle W. Cayce
Clerk

No. 13-60110
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTHONY D. JONES,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CR-113-2

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Anthony D. Jones pleaded guilty to passing, with the intent to defraud, a counterfeit $100 bill and was sentenced to time served and three years of supervised release and ordered to pay $100 in restitution. He appeals the denial of his motion to suppress evidence, contending that the officer lacked probable cause to arrest him and search his person as a search incident to arrest.

We review the district court's conclusions of law de novo and its findings of facts for clear error. *United States v. Gomez*, 623 F.3d 265, 268-69 (5th Cir.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2010).  A warrantless search must fall within an exception to the warrant requirement,  such as a search incident to a lawful arrest.  *United States v. Ho*, 94 F.3d 932, 935 (5th Cir. 1996).  "A warrantless arrest must be based on probable cause."  *Id.*

It is unlawful to pass, with the intent to defraud, a counterfeit security of the United States.  18 U.S.C. § 472.  "Generally, probable cause to arrest for the offense of passing a counterfeit note is established by circumstances showing the passing of a counterfeit note coupled with an identification of the individual who passed the note."  *United States v. Hernandez*, 825 F.2d 846, 849 (5th Cir. 1987).

Jones contends that the officer lacked probable cause to arrest him because he denied knowing that the bill was counterfeit and § 472 requires knowledge that the bill was counterfeit.  This contention is without merit.  The officer had probable cause to arrest Jones for passing a counterfeit security when he removed Jones from the truck; at this time, Jones had admitted giving a $100 bill to the complainant and was identified by the complainant as the person who gave her the bill, the complainant had told the officer that a store clerk identified the bill as counterfeit, and the officer had observed that the bill in question appeared to be counterfeit.  *See id.* at 849-50.  Jones's denial of any intent to defraud did not negate probable cause because the probable cause standard "requires substantially less evidence than that sufficient to support a conviction."  *Ho*, 94 F.3d at 936.

For the foregoing reasons, the district court did not err by denying Jones's motion to suppress.  Although the district court relied on a different ground in its suppression ruling, we may affirm on any basis supported by the record.  *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

The judgment of the district court is AFFIRMED.