# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2014

Lyle W. Cayce
Clerk

No. 14-60171

MARY P. AINSWORTH, Widow and Personal Representative of James T. Ainsworth, Deceased, Individually and on Behalf of All Wrongful Death Beneficiaries, including the Minor Children, S.A., D.A., and M.A., Mary P. Ainsworth is Mother and Next Friend,

      Plaintiff - Appellant

v.

MOFFETT ENGINEERING, LIMITED; JOHN DOES 1-5,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:10-CV-236

Before DAVIS, WIENER, and HAYNES, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Mary Ainsworth ("Ms. Ainsworth") sued Moffett Engineering, Ltd. ("Moffett") under the Mississippi Products Liability Act ("MPLA"), alleging a design defect in a forklift manufactured by Moffett.[1] Ms.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] The company is now known as Cargotec Ireland.

No. 14-60171

Ainsworth's husband, Timothy Ainsworth ("Mr. Ainsworth"), died after he was struck by the forklift, which was being driven forward while the driver's view was obscured.   The district court granted Moffett's motion for summary judgment, holding that Ms. Ainsworth had not submitted "evidence of a specific, feasible design alternative that would have to a reasonable probability prevented the accident," as required by the MPLA.[2]   Reviewing the district court's ruling *de novo*, we affirm, but on the alternative ground that Ms. Ainsworth has failed to demonstrate that the forklift "failed to function as expected."[3]

## I.     FACTS AND PROCEEDINGS

This products liability action arises from a tragic industrial accident that occurred in October 2007 at a chicken farm in Mississippi.  Mr. Ainsworth was killed when he was run over by a forklift that was being driven by his co-employee, Sammy Walters.  At the time of the accident, Mr. Ainsworth was walking in front of the forklift, but was not seen by Walters because his view was obstructed by the forklift's load.

Ms. Ainsworth, as the surviving spouse of Mr. Ainsworth, sued Moffett in September 2010, alleging causes of action for strict liability and negligence. Relevant to this appeal is Ms. Ainsworth's design defect theory of strict liability under the MPLA.  She alleges that it was foreseeable that this vehicle would be driven forward and that its front-loading design would unreasonably obstruct the driver's view.   She proposed an alternative design that incorporates an automatic forward-movement warning alarm.

Both parties agree that, at the time of the accident, the forklift was moving forward.  They also agree that, although the forklift was equipped with

---

[2] *See* MISS. CODE ANN. § 11-1-63(f)(ii).
[3] *Id.*

an automatic alarm that beeped when the vehicle was driven in reverse, it had only a manually operated warning horn for the driver to use when the forklift was driven forward and his front view was obstructed. Finally, neither party alleges that Walters sounded the horn prior to striking Mr. Ainsworth.

After extensive discovery, Moffett moved for summary judgment. The district court granted Moffett's motion on all of Ms. Ainsworth's claims except for negligent training, which was later settled. Regarding Ms. Ainsworth's design-defect claim, the district court held that Moffett was entitled to summary judgment because Ms. Ainsworth had not adduced evidence establishing that her proposed design was a feasible alternative that "would to a reasonable certainty have prevented the harm without impairing the forklift's utility, usefulness, practicality, or desirability." Ms. Ainsworth appeals this ruling only.

## II.   ANALYSIS

### A.   Standard of Review

We review *de novo* the district court's grant of summary judgment.[4] A party is entitled to summary judgment if "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law."[5] A genuine dispute of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party."[6]

### B.   Design Defect Under the Mississippi Products Liability Act

Under the MPLA, a manufacturer is liable if (1) a product is defective, (2) the defect renders the product unreasonably dangerous, and (3) the defect

---

[4] *Juino v. Livingston Parish Fire Dist. No. 5*, 717 F.3d 431, 433 (5th Cir. 2013).

[5] *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (citing FED. R. CIV. P. 56(a)).

[6] *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (internal quotation marks omitted).

proximately caused the injury.[7]  The MPLA recognizes liability for several classes of defects, including design defects.[8]  A plaintiff asserting a design defect must show that "(1) the manufacturer knew, or should have known, about the danger that caused the injury; (2) '[t]he product failed to function as expected'; and (3) 'there existed a feasible design alternative that would have to a reasonable probability prevented the harm.'"[9]

In its motion for summary judgment, Moffett contended that Ms. Ainsworth failed to produce evidence supporting either the second or third of those elements.  The district court based its decision on the "feasible design alternative" element and did not address whether the forklift "failed to function as expected."

On appeal, Moffett reiterates its original contentions.  As we may "affirm on any grounds supported by the record,"[10] we first consider whether the forklift "failed to function as expected" as defined by the MPLA.

## C.    Failure to Function as Expected

"Pursuant to the MPLA's plain language, our court has held that, for design defect claims, the MPLA 'unambiguously precludes recovery against the manufacturer on the basis of design defect unless the product failed to function as expected.'"[11]  In *Austin v. Will-Burt Co.*, we considered whether an

---

[7] *See Guy v. Crown Equip. Corp.*, 394 F.3d 320, 324 (5th Cir. 2004) (citing § 11-1-63).

[8] *See id.*

[9] *Id.* (emphases omitted) (quoting § 11-1-63(f)).

[10] *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).

[11] *Guy*, 394 F.3d at 330 n.* (quoting *Austin v. Will–Burt Co.*, 361 F.3d 862, 872 (5th Cir. 2004)).  Demonstrating that the product failed to function as expected is normally a standalone element of the plaintiff's design defect claim.  "Proving the existence of a 'feasible design alternative' is [the same as] proof of failing to perform as expected" only when the product "is designed primarily to prevent injuries."  *A.K.W. ex rel. Stewart v. Easton Bell Sports, Inc.*, 454 F. App'x 244, 248 (5th Cir. 2011) (per curiam) (unpublished).  For example, if the product at issue were a safety helmet, and the plaintiff alleged that it is defective because it failed to protect the wearer from head trauma, then "proof as to each of the three components [of the design defect claim] overlaps."  *Id.*  That is not the case here.

uninsulated telescoping mast, mounted on top of a news van, failed to function as expected when it came into contact with an overhead power line, electrocuting the plaintiffs' decedent.[12]  We concluded that the accident did not result from any "unusual or unexpected" behavior of the mast.[13]  The danger posed by extending the mast to the height of the power line was well known by those in the industry, including the decedent.[14]  As aptly noted in *Austin*, "An ordinary revolver functions as expected if, when loaded and off-safety, the trigger is normally pulled and a bullet is expelled, and this is no less so because, quite unintentionally, someone is struck by the bullet."[15]

We apply a similar analysis in this case.  Both Walters and Mr. Ainsworth were aware that the forklift had a blind spot when moving forward under load.  Moffett had warned its employees of the danger posed by operating a front-loaded forklift in the forward direction.  Mr. Ainsworth's death as a result of the forklift's blind spot is tragic, but the accident did not arise from anything "unusual or unexpected."  As there is simply no evidence that the forklift "failed to function as expected," recovery against Moffett for design defect is precluded by section 11-1-63(f)(ii).[16]  We therefore need not address

---

[12] *Austin*, 361 F.3d at 874.

[13] *Id.*

[14] *See id.*

[15] *Id.*  The *Austin* court discussed with approval *Gray v. Manitowoc Co., Inc.*, 771 F.2d 866 (5th Cir. 1985), which contained a similar analysis of the "failure to function as expected" element.  In fact, the injury in *Gray* also resulted from operating industrial machinery that had a blind spot.  We found in *Gray* that the existence of that blind spot was "common knowledge" and concluded that "no reasonable jury could have found that the blind spot . . . was not open and obvious."  *Id.* at 871.  Although *Gray* predates the MPLA, we noted in *Austin* that *Gray* was "highly instructive."  *Austin*, 361 F.3d at 874.

[16] We note that Ms. Ainsworth has never addressed the "failed to function as expected" element of her MPLA claim.  Nowhere in her initial brief or reply brief, or in her brief opposing Moffett's motion for summary judgment before the district court, does she even mention this element.  As plaintiff, however, Ms. Ainsworth must bear the burden of proof on every element of her claim that was raised by Moffett's summary judgment motion.

No. 14-60171

whether Ms. Ainsworth's proposed design was a feasible alternative that, to a reasonable probability, would have prevented the accident.[17]

### III.  CONCLUSION

Under the MPLA, a plaintiff alleging a design defect must prove, *inter alia*, that "[t]he product failed to function as expected."[18]  Ms. Ainsworth has not produced any evidence that the forklift "failed to function as expected," so Moffett was entitled to summary judgment as a matter of law.  The district court's judgment is AFFIRMED.

---

[17] We also decline to address Moffett's evidentiary challenges to the testimony of several of Ms. Ainsworth's witnesses.  None of the disputed testimony concerns the "failure to function as expected" element.

[18] *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 324 (5th Cir. 2004) (alteration in original) (quoting § 11-1-63(f)).