# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40145
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NEREO LOPEZ-PEREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-84

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Nereo Lopez-Perez pled guilty to one count of conspiracy to harbor an undocumented alien for financial gain and to three counts of harboring an undocumented alien. The district court sentenced Lopez-Perez to four concurrent terms of 34 months of imprisonment and to a three-year term of supervised release on each count. He argues that the district court erred in applying the leadership-role adjustment under U.S.S.G. § 3B1.1(a) because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was no evidence of five or more knowing participants in the smuggling operation.  He also alleges that he was a low-level manager, rather than an organizer or leader, of the operation.  Finally, Lopez-Perez avers that the adjustment rendered his sentence substantively unreasonable.

Section 3B1.1(a) provides for a four-level increase in the base offense level where "the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." § 3B1.1(a).  Whether a defendant is a leader for purposes of an adjustment under Section 3B1.1(a) is a finding of fact reviewed for clear error.  *United States v. Gonzales*, 436 F.3d 560, 584 (5th Cir. 2006).  A factual finding is not clearly erroneous so long as it is "plausible in light of the record as a whole."  *United States v. Njoku*, 737 F.3d 55, 77 (5th Cir. 2013) (citation and quotation marks omitted), *cert. denied*, 134 S. Ct. 2319 (2014).

The Guidelines define a participant as "a person who is criminally responsible for the commission of the offense, but need not have been convicted."  § 3B1.1 cmt. n.1.  Lopez-Perez recruited and paid individuals to receive domestic and international wire transfers related to the smuggling operation.  Two individuals, Viridiana Lopez and Jose Daniel Salazar-Ambrosio (participants #1 and #2), confirmed their knowledge of his involvement in an alien smuggling operation.  Lopez-Perez paid Salazar to monitor the undocumented aliens at a stash house.  When Salazar was unavailable, another man (participant #3) would watch over the aliens.  In addition, every several weeks, an unknown person (participant #4) dropped off and picked up approximately four to six undocumented aliens from the house.  Agents also discovered text messages to Lopez-Perez from an unknown individual (participant #5) inquiring about money, the moving of people, and the crossing of the Rio Grande.  Finally, Lopez-Perez, himself, may be counted

as a participant in the criminal activity (participant #6). *United States v. Barbontin*, 907 F.2d 1494, 1498 (5th Cir. 1990). Therefore, the evidence established at least five knowing participants in the smuggling operation. Moreover, the remaining individuals who received the wire transfers were recruited either directly by Lopez-Perez or through individuals directly associated with him. Given that several of these people stated that "Amigo," later identified as Lopez-Perez, would pay them for their services, the district court's finding that they were aware or suspected that the wire transfers were related to criminal activity was plausible in light of the record as a whole. *See Njoku*, 737 F.3d at 77.

This court also may affirm on any alternative ground apparent from the record. *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). Regardless of whether there were five or more knowing participants, the Section 3B1.1(a) adjustment applies when the criminal activity was "otherwise extensive." According to the commentary, "[i]n assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered" even if the criminal operation used the "unknowing services of many outsiders." § 3B1.1 cmt n.3. Therefore, even assuming that the individuals who received the wire transfers were unaware of participating in criminal acts, the smuggling operation relied on their services and, thus, the district court did not clearly err in applying the leadership-role adjustment. *See United States v. Glinsey*, 209 F.3d 386, 396 (5th Cir. 2000).

Lopez-Perez did not argue in the district court that he was only a manager and that the leadership-role adjustment rendered his sentence substantively unreasonable. Therefore, we will review these arguments for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Plain error

requires an error that is clear or obvious and affects a defendant's substantial rights. *See id.* If those requirements are met, we have the discretion to correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *See id* (citation and quotation marks omitted).

In determining whether a defendant was a leader, a court should consider, among other things, the exercise of decision-making authority, the nature and scope of illegal activity, the nature of participation, the degree of participation in planning or organizing the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, and the degree of control and authority over others. *United States v. Valdez*, 453 F.3d 252, 262−63 (5th Cir. 2006) (quoting § 3B1.1, cmt n.4).

Lopez-Perez recruited, paid, and transported individuals to receive international and domestic wire transfers. Homeland Security Investigations agents confirmed that he was responsible for 121 transactions in which over $100,000 was transmitted to pay smuggling fees. Lopez-Perez paid an individual to monitor the stash house and delivered food and drinks for the aliens. He also received text messages inquiring about money, the moving of people, and the crossing of the Rio Grande. Based on this evidence, the district court did not plainly err in finding that Lopez-Perez was an organizer or leader of the smuggling operation. *See Puckett*, 556 U.S. at 135.

Finally, Lopez-Perez argues that application of the leadership-role adjustment rendered his sentence substantively unreasonable. However, no error, plain or otherwise, occurred in the application of the leadership-role adjustment under Section 3B1.1(a). Thus the presumption of reasonableness that is accorded his within-guidelines sentence has not been rebutted. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

AFFIRMED.