# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 23, 2008

Charles R. Fulbruge III
Clerk

No. 08-10030
Summary Calendar

KELVIN LEE WILLIS,

Plaintiff-Appellant,

v.

INGRID K. STAMPS; EDITH P. STAMPS; SHELIA WHITE,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:07-CV-1741

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Kelvin Willis, Texas prisoner # 498831, moves to proceed in forma pauper-

is ("IFP") to appeal the dismissal of his claims alleging RICO[1] violations as frivo-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961. Willis alleges claims under 18 U.S.C. §§ 1962 and 1964(c).

lous and for failure to state a claim under 28 U.S.C. § 1915(e) on the ground that the claims are barred by res judicata. The district court denied Willis leave to proceed IFP on appeal, certifying that the appeal was not taken in good faith. By moving for leave to proceed IFP, Willis is challenging that certification. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Our inquiry into Willis's good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted). We review a § 1915 dismissal as frivolous for an abuse of discretion. See Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir. 1997). A dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted is reviewed under the same de novo standard as is a dismissal under FED. R. CIV. P. 12(b)(6). Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). "The res judicata effect of a prior judgment is a question of law that this court reviews de novo." Test Master Educ. Servs., Inc. v. Singh, 428 F.3d 559, 571 (5th Cir. 2005).

RICO claims can be barred by res judicata if they are "inconsistent with the crux" of a bankruptcy court decision. See Hendrick v. Avent, 891 F.2d 583, 586-87 (5th Cir. 1990). The district court raised the issue of res judicata sua sponte and before service on the defendants. "Generally, res judicata is an affirmative defense that must be pleaded, not raised sua sponte." Mowbray v. Cameron County, Tex., 274 F.3d 269, 281 (5th Cir. 2001). Although there are exceptions to that rule, see id., we need not decide whether the district court properly applied res judicata, because Willis's RICO claims otherwise are subject to dismissal as frivolous and for failure to state a claim.[2]

RICO prohibits specified conduct that involves "'a pattern of racketeering activity.'" Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 453 (2006) (quoting

---

[2] See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (observing that we may affirm on alternative grounds that are apparent from the record).

§ 1962). "All RICO violations under . . . § 1962 entail '(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" In re MasterCard Int'l Inc., 313 F.3d 257, 261 (5th Cir. 2002) (emphasis omitted) (quoting Crowe v. Henry, 43 F.3d 198, 204 (5th Cir. 1995)). Even if we assume, as did the district court, that the facts Willis alleged satisfied those requirements, Willis must fulfill RICO's standing requirement. See Price v. Pinnacle Brands, Inc., 138 F.3d 602, 606 (5th Cir. 1998). Willis's allegations, if true, do not reflect that he was a "'person injured in his business or property by reason of a violation' of [RICO]." Anza, 547 U.S. at 453 (quoting § 1964(c)).

Willis has not shown that the district court's determination that his appeal would be frivolous is incorrect. Accordingly, his request for IFP is DENIED. See Baugh, 117 F.3d at 202 n.24. Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2.

The district court's dismissal of the complaint and this court's dismissal of the appeal count as strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Willis has one previous strike. See Willis v. Collins, No. 93-7247 (5th Cir. Nov. 1, 1993). Because he has accumulated three strikes, he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.