# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 23, 2009

Charles R. Fulbruge III
Clerk

No. 08-40966
Summary Calendar

FREDRICK GOODEN, also known as Ma'Min Al-Naba

Plaintiff-Appellant

v.

C. CRAIN; TEXAS BOARD OF CRIMINAL JUSTICE;
BILLY PIERCE; D. DRETKE

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:04-cv-00127

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Fredrick Gooden ("Gooden") brought this suit against the Defendants-Appellees, asserting that they violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1 *et seq*. After

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

trial, judgment was entered for Appellees. Gooden then brought this appeal.[1] We AFFIRM.

## I. FACTS AND PROCEDURAL HISTORY

Gooden, a Muslim inmate confined to a unit of the Texas Department of Criminal Justice ("TDCJ"), brought this suit alleging that TDCJ's grooming policy, which prohibits all inmates from wearing beards unless they have a medical exception, violated his rights under RLUIPA. Specifically, Gooden argues that the grooming policy substantially burdened his ability to exercise his faith by preventing him from wearing a beard as his faith demands. In order to satisfy the demands of his faith, Gooden brought this suit and sought injunctive relief to allow him to wear a quarter-inch beard.

Gooden consented to a bench trial of his RLUIPA claim before a magistrate judge. After trial, the judge found that the grooming policy "imposes a substantial burden on [Gooden's] exercise of his religious beliefs." *Gooden v. Crain*, No. 6:04-cv-00127, 2008 WL 3271557, *13 (E.D. Tex. Aug. 6, 2008). However, she also found that Appellees had not violated RLUIPA and entered judgment in their favor because the policy was the least restrictive means of furthering a compelling governmental interest in security of prisoners. This appeal followed.

## II. DISCUSSION

Under RLUIPA, "[n]o government shall impose a substantial burden on the religious exercise of [an inmate] . . . unless the *government demonstrates* that imposition of the burden on that person -- (1) is in furtherance of a compelling

---

[1] Gooden has moved for appointment of appellate counsel. However, he has not demonstrated the sort of exceptional circumstances that permit appointment of such counsel. *See Cooper v. Sheriff, Lubbock County, Tex.,* 929 F.2d 1078, 1084 (5th Cir. 1991).

governmental interest; and (2) is the least restrictive means of furthering that . . . interest." 42 U.S.C. § 2000cc-1 (emphasis added).

The trial court entered judgment for Appellees, because it found that they had proved that the grooming policy was the least restrictive means of achieving a compelling governmental interest, namely TDCJ's interest in security. Gooden challenges the trial court's factual findings and legal conclusions in support of this holding.

## A. Standard of Review

"The standard of review for a bench trial is well established: findings of fact are reviewed for clear error and legal issues are reviewed de novo." *Kona Tech. Corp. v. S. Pac. Transp. Co.*, 225 F.3d 595, 601 (5th Cir. 2000).

## B. Compelling Governmental Interest

Gooden challenges the trial court's finding that the grooming policy furthers TDCJ's compelling governmental interest in security.[2] Appellees had the burden of proving that the grooming policy furthered a compelling government interest. 42 U.S.C. §§ 2000cc-1, 2000cc-2(b) (stating that the government bears the burden of persuasion on every element of a RLUIPA claim except substantial burden). To meet their burden of proof, Appellees only had "'to take the unremarkable step of providing an explanation for the policy's restrictions that takes into account [their] institutional need to maintain good order, security, and discipline or to control costs.'" *Smith v. Ozmint*, 578 F.3d

---

[2] We have held that "security" is a compelling governmental interest, and Gooden does not contest that "security" is a compelling governmental interest. *Diaz v. Collins*, 114 F.3d 69, 73 (5th Cir. 1997) ("We agree with our colleagues in the Eighth and Eleventh Circuits that a prison regulation on hair length is related to security and, as such, involves a compelling state interest.").

246, 252 (4th Cir. 2009) (quoting *Lovelace v. Lee*, 472 F.3d 174, 190 (4th Cir. 2006)). Courts are required to apply the "compelling interest" analysis with "'due deference to the experience and expertise of prison and jail administrators.'" *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005) (quoting 146 Cong. Rec. 16699 (2000)).

According to the trial court, the grooming policy furthers TDCJ's interest in security because it allows TDCJ to accurately identify inmates and it eliminates the threat that "contraband and weapons" could be carried in beards. *Gooden*, 2008 WL 3271557 at *13. Gooden challenges both the court's factual findings and the court's conclusion, based on those findings, that the grooming policy furthers TDCJ's compelling interest in security.

The trial court's findings of facts regarding TDCJ's identification and contraband concerns are supported by the record and are not clearly erroneous. William Stephens, a regional director for TDCJ, testified that inmates are identified by their clean-shaven photos on their prison identification cards, and the grooming policy, which requires inmates to be clean-shaven, allows correctional officers to easily identify inmates based on their photos. Director Stephens testified that identification furthers the goal of security by allowing correctional officers to ensure that inmates do not enter areas of the prison where they do not belong, which prevents problems such as theft and the extortion of other inmates. He also testified that identification furthers public safety concerns, because beards would make it difficult to quickly identify and recapture inmates if they escape. In addition, Director Stephens testified that weapons, like razor blades, and contraband, such as handcuff keys, could be secreted in beards. This testimony by Director Stephens shows that the trial

court's findings of fact are substantially supported by the record, so its findings are not clearly erroneous. *Water Craft Mgmt. LLC v. Mercury Marine*, 457 F.3d 484, 488 (5th Cir. 2006) (stating "[c]lear error exists if . . . the findings are without substantial evidence to support them").

The court's factual findings, based on the testimony of Director Stephens, show that the grooming policy is related to and furthers TDCJ's interest in security; therefore, the trial court did not err in finding that Appellees met their burden in proving that the grooming policy furthers a compelling governmental interest. *See Fegans v. Norris*, 537 F.3d 897, 906 (8th Cir. 2008) (finding that a similar grooming policy furthered the government's interest in security because it was related to identification and contraband concerns); *see also Baranowski v. Hart*, 486 F.3d 112, 125 (5th Cir. 2007) (holding that a policy furthered a compelling interest when the government proved that it was related to maintaining good order and controlling costs).

## C. Least Restrictive Means

Gooden also challenges the trial court's finding that TDCJ's grooming policy is the least restrictive means of achieving its interest in security. Gooden asserts that TDCJ's interest in security could be furthered by a grooming policy that provides a religious exception for quarter-inch beards. Appellees had the burden of disproving Gooden's assertion by explaining "why [his] alternative [policy] would be unfeasible, or why [it] would be less effective in maintaining institutional security." 42 U.S.C. §§ 2000cc-1, 2000cc-2; *Spratt v. R.I. Dep't of Corrs.*, 482 F.3d 33, 41 (1st Cir. 2007); *see Sossamon v. Texas*, 560 F.3d 316, 335 (5th Cir. 2009) ("Some of these options might not prove feasible . . . ."); *Hamilton v. Schriro*, 74 F.3d 1545, 1556 (8th Cir. 1996) (interpreting the Religious

Freedom Restoration Act, which used the same test as RLUIPA, as requiring the government to refute alternatives suggested by a plaintiff). The trial court found that Appellees satisfied the "least restrictive means" prong by demonstrating that Gooden's suggested alternative was not administratively or financially feasible. *Gooden*, 2008 WL 3271557 at *13.

The trial court found that a quarter-inch beard religious exception would not be feasible, because it would require the prison to "have to build additional barber shops in order to allow Muslim inmates to use clipper shavers. . . . The process of issuing clipper shave passes . . . would also place an additional burden on chaplains, who are already burdened by the strain of their administrative duties at the expense of their ministerial duties." *Gooden*, 2008 WL 3271557 at *13. Gooden offered no contrary testimony. Thus, some evidence supports the trial court's conclusion that the exception would not be feasible.

Even if we found that the evidence did not support this finding, the court's findings of fact show that Appellees proved that such an exception "would be less effective in maintaining institutional security." *Spratt*, 482 F.3d at 41. The trial judge did not expressly use this language in her opinion, but this conclusion can be fairly inferred from her findings and her decision to deny relief. It is a firmly established rule that this court may "'affirm the district court's judgment on any grounds supported by the record,'" even if "our affirmance is upon grounds not relied upon by the district court." *Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 88 (1943) (stating that a "decision of a [district] court . . . must be affirmed if the result is correct" and if there are no additional findings of fact to be made); *Sobranes Recovery Pool I, LLC v. Todd & Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007) (quoting *Sojourner T v. Edwards*, 974

F.2d 27, 30 (5th Cir. 1992)); *Foreman v. Babcock & Wilcox Co.*, 117 F.3d 800, 804 (5th Cir. 1997).

As stated earlier, there is substantial evidence to support the trial court's finding that the accurate identification of inmates based on their clean-shaven photos furthers TDCJ's interest in security, because accurate identification allows correctional officers to ensure that inmates are not out of place and it assists in the recapture of escapees. *See supra* Part II.B. In addition to these findings, the court found that granting Muslim inmates the right to wear "one-fourth inch beards" would "make[] identification more difficult." *Gooden*, 2008 WL 3271557 at *13. Again, Gooden offers little in the way of response to this point, other than to note that some inmates are given a medical exception to the policy and that the policy is not always uniformly enforced.[3]

The trial court's finding that quarter-inch beards would increase the difficulty of identifying inmates is not clearly erroneous because it is supported by substantial evidence in the record. *Water Craft Mgmt. LLC*, 457 F.3d at 488. Director Stephens testified that if inmates were allowed to grow quarter-inch beards, they could resemble other inmates and use their identification cards to get into areas of the prison where they do not belong. He also testified that quarter-inch beards would make it harder for correctional officers to identify inmates when transferring them within the prison. Finally, Director Stephens testified that, in his opinion, the "security concepts . . . outweigh the fact of allowing everybody [to walk] around with a quarter inch beard."

---

[3] Thus, we make no broad holding that the grooming policy, as it applies to quarter-inch beards, will always be upheld. Our decision is based solely upon the evidence presented in this case.

The trial court's findings of fact show that Appellees, based on this evidence, proved that an exception for quarter-inch beards would be less effective in maintaining prison security, because such beards would make identification more difficult.[4] Since Appellees met their burden, the trial court did not err in denying Gooden relief in this case upon this record.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the trial court's judgment in favor of Appellees. Accordingly, Gooden's motion for injunctive and declaratory relief is DENIED. Gooden's motion to appoint appellate counsel is also DENIED.

---

[4] While we have observed that "the identification problem" posed by beards generally "would be significantly reduced" in the context of quarter-inch beards, we did not determine that quarter-inch beards must always be permitted. *Green v. Polunsky*, 229 F.3d 486, 490 (5th Cir. 2000). On the record here, we cannot hold that the trial court's findings were "clearly erroneous."