# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40989
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 5, 2016

Lyle W. Cayce
Clerk

MARSHALL DEWAYNE WILLIAMS,

Petitioner-Appellant

v.

FRANCISCO LARA, WARDEN, FEDERAL CORRECTIONAL COMPLEX-BEAUMONT,

Respondent-Appellee

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 1:15-CV-40

Before  DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Marshall Dewayne Williams, federal prisoner # 14130-077, appeals the district court's denial of his motion, pursuant to 18 U.S.C. § 3006A, seeking the appointment of counsel to represent him at his parole hearing and/or alleged parole revocation hearing.  The district court construed the motion as a 28 U.S.C. § 2241 petition, which it denied because Williams was not the subject

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40989

of any pending parole revocation proceedings and because § 3006A does not authorize the appointment of counsel for parole hearings.

"Federal courts are courts of limited jurisdiction.  Absent jurisdiction conferred by statute, district courts lack power to consider claims." *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994).  Williams's motion did not attack the execution of his sentence or otherwise present claims cognizable in a § 2241 petition. *See Reyes-Requena v. United States*, 243 F.3d 893, 900-01, 904 (5th Cir. 2001).  A motion under § 3006A does not authorize the appointment of counsel for parole hearings, nor does it present an independent cause of action for relief in federal court. *See* § 3006A.  Although it does authorize the appointment of counsel in parole revocation hearings, Williams did not file the motion in connection with any pending parole revocation proceedings.  His motion for the appointment of counsel is one the district court lacked jurisdiction to entertain, and his appeal thus is "from the denial of a meaningless, unauthorized motion." *United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994).  Therefore, the district court's judgment is affirmed on the alternative basis that it lacked jurisdiction over the motion. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).  Williams's appellate motion for the appointment of counsel is denied.

AFFIRMED; MOTION FOR THE APPOINTMENT OF COUNSEL DENIED.