REVISED

United States Court of Appeals,

Fifth Circuit.

No. 95-20514.

UNITED STATES of America, Plaintiff-Appellee,

v.

Ramon CAICEDO, Defendant-Appellant.

Jan. 7, 1997.

Appeal from the United States District Court for the Southern District of Texas.

Before KING and HIGGINBOTHAM, Circuit Judges, and KAZEN[*], District Judge.

KAZEN, District Judge:

Appellant Ramon Caicedo was convicted by a jury of conspiracy to distribute cocaine. His sole complaint on appeal is that the district court erred in increasing his offense level under § 2D1.1(b)(1) of the Federal Sentencing Guidelines ("USSG") for possession of a firearm.

I.

On August 18, 1994, Ramon Caicedo participated in cutting and repackaging twenty-five kilograms of cocaine at the residence of a confidential informant in Houston, Texas. Several persons met there for the purpose of converting twenty-five kilos of cocaine to a larger amount. Caicedo, who had studied chemistry at a Colombian university, was in charge of the process and brought some of the

[*]Chief Judge of the Southern District of Texas, sitting by designation.

lab equipment to the informant's residence. United States Customs Agents were maintaining continuous surveillance of the residence as part of an undercover operation, and on August 19, 1994, they obtained from the residence evidence of the drug processing. According to the presentence report ("PSR"), the informant met with Caicedo and others on numerous occasions between August 19, 1994, and November 2, 1994, to discuss distribution of large quantities of cocaine from Houston and Los Angeles to other parts of the United States. The information was that Caicedo planned to process and repackage additional quantities of cocaine for distribution, but there was no evidence of any actual cocaine possession by him after August 18, 1994.

Caicedo was arrested on November 2, 1994. Following Caicedo's arrest, agents searched his Houston residence. They found kilo presses, a blender, a scale, a gas mask, cans of acetone, and notebook paper with chemical equations for drug processing. Agents also found a 9mm pistol in the master bedroom, the same room where they found the electronic scale containing cocaine residue, and a shotgun in the hall closet where kilo presses containing cocaine residue, acetone, and procaine were uncovered. Neither firearm was loaded, but next to the 9mm pistol was a clip that went with the handgun.

Caicedo was indicted on one count of conspiracy to distribute cocaine. Following a trial, the jury found Caicedo guilty as charged. The PSR also recommended a base offense level of 34 for the amount of cocaine involved. The PSR called for a two-level

increase in the offense level because there were weapons possessed in connection with the conspiracy. Caicedo objected to this upward adjustment, but the district court overruled the objection. The district court sentenced Caicedo to 210 months of imprisonment, five years of supervised release, and a $5,000 fine. Caicedo timely filed a notice of appeal.

II.

Caicedo contends that the district court erred in making the two-level adjustment to his base offense level. Because the decision to apply a sentencing guideline is a factual one, we review only for clear error. *United States v. Vital,* 68 F.3d 114, 119 (5th Cir.1995).

USSG § 2D1.1(b)(1) permits a two-level increase in the offense level "[i]f a dangerous weapon (including a firearm) was possessed." This adjustment should be applied "if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." USSG § 2D1.1, comment (n. 3). Weapon possession is established if the government proves by a preponderance of the evidence that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant. *United States v. Eastland,* 989 F.2d 760, 770 (5th Cir.), *cert. denied,* 510 U.S. 890, 114 S.Ct. 246, 126 L.Ed.2d 200 (1993). The government must provide evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the transaction occurred. *Id.* That a weapon is unloaded is not dispositive. *United States*

3

*v. Paulk,* 917 F.2d 879, 882 (5th Cir.1990).

Caicedo argues that, although the firearms were found in his residence when he was arrested on November 2, 1994, there was no evidence that they were part of the drug conspiracy concerning the cocaine that was repackaged at the confidential informant's residence on August 18, 1994. Moreover, the firearms were far removed in both time and space from the repackaging activity, and Caicedo produced evidence at sentencing showing that the pistol had been pawned at the time of the August offense.

Section 2D1.1(b)(1) requires only that a weapon be "present," reflecting a policy judgment that the danger of violence "increase[s] when drug traffickers possess weapons." *Id.* comment (n. 3). The firearms were found in close proximity to drug paraphernalia with cocaine residue. Only two-and-a-half months had elapsed between the August 18 incident and the weapons' discovery. Moreover, Caicedo was not convicted merely of a single incident in August but rather of a conspiracy which, as charged in the indictment, lasted between August and November of 1994. There was no evidence that he withdrew from that conspiracy. Indeed, the PSR reflected that he discussed other drug transactions with co-conspirators after the August 18, 1994 repackaging incident. To demonstrate withdrawal, a defendant must show that he took affirmative acts that were inconsistent with the object of the conspiracy and communicated in a manner reasonably calculated to reach the other conspirators. *United States v. Puig-Infante,* 19 F.3d 929, 945 (5th Cir.), *cert. denied,* --- U.S. ----, 115 S.Ct.

4

180, 130 L.Ed.2d 115 (1994) (citing *United States v. United States Gypsum Co.,* 438 U.S. 422, 464-65, 98 S.Ct. 2864, 2887, 57 L.Ed.2d 854 (1978)). Caicedo does not point to any evidence showing how or when he withdrew from the conspiracy. The district court did not clearly err in concluding that it was not "clearly improbable" that the firearms were connected to the conspiracy offense. *See United States v. Vaquero,* 997 F.2d 78, 85 (5th Cir.), *cert. denied,* 510 U.S. 1016, 114 S.Ct. 614, 126 L.Ed.2d 578 (1993).

## III.

For the foregoing reasons, the judgment of the district court is AFFIRMED.