United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 3, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-11369
SUMMARY CALENDAR

_____

UNITED STATES OF AMERICA

                    Plaintiff - Appellee

   v.

GERALD HENRY BOWERMAN

                    Defendant - Appellant

_____

On Appeal from the United States District Court for the
Northern District of Texas
(7:00-CR-4-4)

_____

Before REYNALDO G. GARZA, HIGGINBOTHAM, and DeMOSS, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:[1]

   In this appeal we review Gerald Henry Bowerman's (hereinafter, "Bowerman") conviction

and sentence pursuant to 21 U.S.C. § 846 for conspiracy to possess with the intent to distribute

and distribution of methamphetamine. For the following reasons, we vacate and remand in part,

and affirm the district court's decision in part.

_____

   [1]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

-1-

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Bowerman and eleven others were indicted for conspiracy to possess with intent to distribute and distribution of methamphetamine. Bowerman pleaded not guilty and a jury trial was held. At the trial, the Government called David Green to testify against Bowerman. Green refused to testify based on his Fifth Amendment rights. Bowerman moved for a mistrial, but the district court denied his motion. Bowerman was found guilty, but in January 2001, Bowerman failed to appear for his scheduled sentencing hearing. He was arrested in the Western District of Texas in August 2002 and returned to the Northern District.

Bowerman's Presentence Report (hereinafter, "PSR") established his base offense level at 36 because of his involvement with five to fifteen kilograms of methamphetamine. He also received a two-level adjustment for possessing a firearm while dealing methamphetamine. Finally, Bowerman received a two-level adjustment for obstructing justice by failing to appear at his sentencing hearing. Thus, Bowerman's total offense level was 40. With a criminal history category of I, the guideline range of imprisonment was 292 to 365 months.

Bowerman objected to the drug quantity attributed to him, to the two-level adjustment for possession of a firearm, and to the adjustment for obstruction of justice. The district court found that the PSR was supported by trial testimony and sentenced Bowerman to 300 months' imprisonment and five years' supervised release. This appeal timely followed.

II.

ENHANCEMENT FOR POSSESSION OF FIREARM

Bowerman argues that the district court clearly erred when it assessed a two-level enhancement based on possession of a firearm. He states that there is no evidence that he possessed a firearm while delivering or receiving methamphetamine, and that there is no nexus between the firearm found by the police and his drug activities. He claims that he owned neither the gun, nor the property on which it was found.

We review the district court's factual determination and decision to apply U.S.S.G. § 2D1.1(b)(1) for clear error. *United States v. Westbrook*, 119 F.3d 1176, 1192-93 (5th Cir. 1997). The guidelines call for a two-level increase in the offense level for a drug trafficking offense if a dangerous weapon was possessed. U.S.S.G. § 2D1.1(b)(1).

For the purposes of the sentencing hearing, the district court adopted the facts as set forth in the PSR. Facts contained in the PSR are considered reliable and may be adopted without further review, if they have an adequate evidentiary basis and the defendant fails to present rebuttal evidence. *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999). The sentencing court's factual findings may be disturbed on appeal when they are clearly erroneous. *United States v. Caicedo*, 103 F.3d 410, 411 (5th Cir. 1997); *United States v. Cooper*, 274 F.3d 230, 246 (5th Cir. 2001). To establish a two-level enhancement, the Government must prove that a temporal and spatial relationship existed between the weapon, the drug trafficking, and Bowerman. *United States v. Vasquez*, 161 F.3d 909, 912 (5th Cir. 1998); *United States v. Eastland*, 989 F.2d 760, 770 (5th Cir. 1993).

Initially, the PSR did not recommend an enhancement based on possession of a firearm,

though the report did note the discovery of a firearm in the investigation. However, the Government objected and argued that two witnesses testified that they saw Bowerman in possession of a firearm while he was dealing drugs. The Government also argued that Bowerman owned the property on which a gun was found. The probation officer amended the PSR and added the recommendation of a two-level enhancement. Despite Bowerman's objections, the district court adopted the findings in the PSR and enhanced Bowerman's offense level.

After reviewing the trial transcript, we find the record devoid of any testimony that Bowerman possessed a firearm while receiving or delivering methamphetamine. Further, the PSR states that the property on which a gun was found was not owned by Bowerman. Thus, there is no nexus between the gun and Bowerman's drug activity. The government has failed to meet its burden for enhancing Bowerman's sentence for possession of a firearm. *Cooper*, 274 F.3d at 246; *Eastland*, 989 F.2d at 770. We vacate this portion of Bowerman's sentence and remand for re-sentencing.

III.

DRUG QUANTITY DETERMINATION

Bowerman argues that the district court erred in determining that he was accountable for at least five kilograms of methamphetamine. We review the district court's determination of drug quantity for clear error. *United States v. Buchanan*, 70 F.3d 818, 834 (5th Cir. 1995).

According to the Sentencing Guidelines, Bowerman's base offense level is determined by the quantity of drugs involved in the offense. U.S.S.G. § 2D1.1(a)(3). The district court must consider all drug quantities associated with Bowerman's relevant conduct. *United States v. Vital*, 68 F.3d 114, 117-18 (5th Cir. 1995). In cases of jointly undertaken criminal activity, relevant

conduct includes all reasonably foreseeable acts and omissions of others in furtherance of the activity. U.S.S.G. § 1B1.3(a)(1)(B).

The record supports the trial court's determination that Bowerman was involved with at least five kilograms of methamphetamine. Bowerman supplied one witness, Robert Flores, with at least four pounds of methamphetamine. Another witness, Gary Burgess, testified that Bowerman supplied him with at least six pounds of methamphetamine over a period of four or five years. The testimony of these two witnesses alone provide a factual basis to support the district court's determination. Thus, this portion of the district court's decision is affirmed.

IV.

ENHANCEMENT FOR OBSTRUCTION OF JUSTICE

Bowerman argues that the enhancement of his offense level for failing to appear at his sentencing hearing violates the Double Jeopardy Clause because he was subsequently convicted of obstruction of justice and ordered to serve eighteen months on that charge.

We review Bowerman's double jeopardy claim de novo. *United States v. Wittie*, 25 F.3d 250, 254 (5th Cir. 1994). The Double Jeopardy Clause protects against a second prosecution after acquittal or conviction, and against multiple punishments, for the same offense. *Monge v. California*, 524 U.S. 721, 727-28 (1998). However, sentence enhancements are not normally construed as additional punishment for the previous offense, but are an increase in a sentence due to the manner in which the defendant committed the crime of conviction. *Id.* at 728.

Bowerman was convicted of a drug offense and failed to appear for his sentencing hearing. Thus, he qualifies for a two-level adjustment in his total offense level pursuant to U.S.S.G. § 3C1.1, comment. (n.4). In a separate, subsequent proceeding, Bowerman was charged and

convicted of obstruction of justice. If Bowerman wanted to raise a double jeopardy argument, he should have raised it in the obstruction of justice case. There is no question of double jeopardy until there is a second prosecution. *Fransaw v. Lynaugh*, 810 F.2d 518, 523 (5th Cir. 1987). This portion of the district court's determination is affirmed.

## V.

## MOTION FOR MISTRIAL

Finally, Bowerman argues that the district court should have granted his motion for mistrial after a Government witness was forced to invoke the Fifth Amendment testimonial privilege in front of the jury. One of Bowerman's co-defendants, Dana Bowerman, raised this same issue in her direct appeal. A panel of this court rejected her claim. *United States v. Bowerman*, No. 01-10229 (5th Cir. Dec. 18, 2001). Though that opinion is not controlling under the law-of-the-case doctrine, and is not of precedential value because it is unpublished, we find the reasoning of that case persuasive.

Bowerman has failed to demonstrate that the witness' invocation of the Fifth Amendment testimonial privilege in the presence of the jury warrants reversal of his conviction. *Id.*; *Namet v. United States*, 373 U.S. 179, 188 (1963); *United States v. Brown*, 12 F.3d 52, 54 (5th Cir. 1994). This portion of the district court's decision is affirmed.

## VI.

## CONCLUSION

For the foregoing reasons, we vacate and remand in part, and affirm the decision in part.