IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 12, 2008

Charles R. Fulbruge III
Clerk

No. 06-41548
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN SALINAS, JR

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-11-2

Before JOLLY, DAVIS, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Ruben Salinas, Jr., appeals his sentence following his guilty plea conviction for possession with intent to distribute more than 1000 kilograms of marijuana. Salinas argues that the district court erred by denying him the benefit of the "safety valve" provisions of U.S.S.G. § 5C1.2 based on a finding that he possessed a firearm in connection with the offense. The firearm in question was found in a bedroom of a house that Salinas was using to store more than 2,500 kilograms of marijuana. Salinas argues that he did not "possess" the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

firearm because it belonged to his father and it was found in his father's bedroom in his father's house.

The defendant has the burden of showing that he is entitled to a safety-valve adjustment. United States v. McCrimmon, 443 F.3d 454, 457 (5th Cir.), cert. denied, 547 U.S. 1120 (2006). The district court's application of the safety valve is reviewed for clear error. Id. Possession of a firearm may be "actual" or "constructive" and may be proven by circumstantial evidence. United States v. De Leon, 170 F.3d 494, 496 (5th Cir. 1999). This court applies "a common sense, fact-specific approach" to a determination whether constructive possession exists. United States v. Wright, 24 F.3d 732, 735 (5th Cir. 1994).

Although Salinas asserts that the firearm belonged to his father, whether the firearm was accessible is relevant to possession inquiry, not its ownership. See United States v. Mitchell, 31 F.3d 271, 278 (5th Cir. 1994). The fact that Salinas knew where the firearm could be found also suggests he had access to it. See United States v. Hinojosa, 349 F.3d 200, 204 (5th Cir. 2003). We also note that Salinas's ability to store such a large quantity of marijuana at the house, allegedly without his father's knowledge, suggests he had some degree of "dominion or control over the premises." United States v. Matias, 465 F.3d 169, 173 (5th Cir. 2006).

Salinas also argues that the firearm was not connected to his offense because it was not stored near the marijuana and it was unloaded. This court has held that, "despite any difference in semantics between U.S.S.G. § 2D1.1(b)(1) and § 5C1.2(2), the two provisions should be analyzed analogously." United States v. Vasquez, 161 F.3d 909, 913 (5th Cir. 1998). The Sentencing Guidelines provide that the weapons enhancement "should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." § 2D1.1(b)(1) comment (n.3). A connection with the offense may be shown with "evidence that the weapon was found in the same location where drugs or drug paraphernalia are stored or where part of the

transaction occurred." United States v. Jacquinot, 258 F.3d 423, 430 (5th Cir. 2001) (internal quotation marks and citation omitted).

Salinas asserts that the firearm was not sufficiently connected to his offense because it was owned by his father to protect his home; however, even if a weapon may have some other legitimate intended use, the relevant inquiry is whether the weapon could have been used in connection with the drug offense. See United States v. Menesses, 962 F.2d 420, 429 (5th Cir. 1992). Salinas's argument that the firearm was stored too far away from the marijuana is unpersuasive. See United States v. Juluke, 426 F.3d 323, 328 (5th Cir. 2005); United States v. Navarro, 169 F.3d 228, 230, 235 (5th Cir. 1999). Salinas's argument that the firearm was unloaded also is unpersuasive. See Jacquinot, 258 F.3d at 431; United States v. Caicedo, 103 F.3d 410, 412 (5th Cir. 1997).

Salinas also argues that the district court erred by finding that a co-conspirator could have used the firearm and that a co-conspirator's possession of a firearm may be imputed to a defendant to deny relief under § 5C1.2. It is unclear whether a finding of co-conspirator possession was the basis for the district court's ruling. This court has held that it is error to deny § 5C1.2 relief based on a finding that a co-conspirator possessed a firearm. See United States v. Wilson, 105 F.3d 219, 222 (5th Cir. 1997). However, even if the district court so erred, we affirm Salinas's sentence because the record shows that he had constructive possession of the firearm. See United States v. Grosz, 76 F.3d 1318, 1324 n. 6 (5th Cir. 1996); Sojourner T v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992).

AFFIRMED.