# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-50697
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAS SAMORA BARRERA, JR., also known as Elias Samora Barrera,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-347-1

Before PRADO, SOUTHWICK, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Elias Samora Barrera, Jr., appeals the sentence imposed after he pleaded guilty to possessing with intent to distribute methamphetamine. He challenges the two-level increase under U.S.S.G. § 2D1.1(b)(2) for making a credible threat to use violence.

Barrera first argues that, as a matter of law, threats may not be counted against him unless the Government proved that he made a threat of violence

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50697

during the commission of the crime itself, rather than as part of the relevant conduct of the offense.  We review only for plain error because Barrera did not make this argument in the district court in a manner that would "alert the district court to the nature of the alleged error and . . . provide an opportunity for correction."  *United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009).  He must therefore show, at minimum, a legal error that was "clear or obvious, rather than subject to reasonable dispute."  *Puckett v. United States*, 556 U.S. 129, 135 (2009).

Barrera relies on background commentary to the Fair Sentencing Act that he says narrows the application of § 2D1.1(b)(2) to threats made "during" the actual offense.  But "during" does not appear in § 2D1.1 or its commentary.  Further, the relevant conduct Guideline, U.S.S.G. § 1B1.3(a)(1), applies unless specified otherwise, and nothing in the Guidelines themselves suggests that § 1B1.3(a)(1) does not apply to § 2D1.1.  Barrera fails to show a legal error that is clear or obvious beyond reasonable dispute.  *See Puckett*, 556 U.S. at 135; *United States v. Rodriguez-Parra*, 581 F.3d 227, 231 (5th Cir. 2009) (finding no clear or obvious error where the argument relied on "a careful parsing of all the relevant authorities, including the sentencing guidelines and applicable decisions").

We review for clear error the district court's factual finding that Barrera made credible threats of violence.  *See United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).  "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole."  *Id.* (internal quotation marks and citation omitted).  We also review for clear error the district court's reasonable inferences from the facts.  *See United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006).  The sentencing court was allowed to rely on the facts recounted in the presentence report unless Barrera demonstrated by

competent rebuttal evidence that the information is "materially untrue, inaccurate or unreliable." *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).

The record reflects evidence that Barrera was the only member of the Texas Mexican Mafia (TMM) in the area. There was also evidence that he collected the "dime," which was a "tax" on non-TMM drug dealers in the area, and that collecting the dime inherently involved a threat of violent enforcement. Barrera offered no rebuttal evidence showing that this information as reflected in the presentence report was unreliable, inaccurate, or materially untrue. *See Harris*, 702 F.3d at 230. Additional evidence showed that Barrera issued a death threat to an informant, and Barrera can only speculate that the target of the threat did not find the threat credible. The district court's "credible threat" finding is plausible and thus not clearly erroneous in light of the record and inferences as a whole. *See Caldwell*, 448 F.3d at 290; *Betancourt*, 422 F.3d at 246.

The judgment is AFFIRMED.