# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 18-11063
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

June 19, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MATTHEW JIMMY TEAGUE,

Defendant-Appellant

————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-215-10

————————

Before KING, SOUTHWICK, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Matthew Jimmy Teague pleaded guilty to conspiracy to possess with
intent to distribute a controlled substance. On appeal, he challenges the
district court's application of a two-level enhancement for making a credible
threat of violence under U.S.S.G. § 2D1.1(b)(2) and a two-level enhancement
for obstruction of justice under U.S.S.G. § 3C1.1. We review the district court's
interpretation and application of the Sentencing Guidelines de novo and its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-11063

factual findings, including a finding that the defendant obstructed justice, for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

First, Teague contends the district court erred in applying the threat of violence enhancement because he did not make the threat "during a drug trafficking offense," relying on language of the Fair Sentencing Act that he asserts limits application of the enhancement. However, "the text of § 2D1.1(b)(2) does not contain such a textual limitation." *United States v. Medrano-Rodriguez*, 606 F. App'x 759, 762 (5th Cir. 2015); *see also Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006). "Even if we were to accept his argument that . . . the violence enhancement [is limited] to defendants who used or threatened violence 'during a drug trafficking offense,' the enhancement was properly applied here" because Teague made the threat while he was a participant in a drug trafficking conspiracy. *Medrano-Rodriguez*, 606 F. App'x at 762. Because he concedes that the threats constituted relevant conduct to his offense of conviction, he cannot show that application of the enhancement was improper. *See* U.S.S.G. § 1B1.3(a); *United States v. Barrera*, 697 F. App'x 373, 373 (5th Cir. 2017) ("[T]he relevant conduct Guideline, U.S.S.G. § 1B1.3(a)(1), applies unless specified otherwise, and nothing in the Guidelines themselves suggests that § 1B1.3(a)(1) does not apply to § 2D1.1.").

Next, Teague argues that the district court erred by finding that his allegedly obstructive conduct was likely to thwart the investigation of his offense because the amount of methamphetamine at issue was insignificant compared to the amount of methamphetamine he was held accountable for, and because he never attempted to fight his conviction but instead waived his right to an indictment and pleaded guilty to an information. Conduct that occurred prior to the start of the investigation of the offense may constitute

No. 18-11063

obstruction "if the conduct was purposefully calculated, and likely, to thwart the investigation or prosecution of the offense of conviction." § 3C1.1, comment. (n.1). Teague's arguments are unavailing because, at most, he shows that his conduct was not likely to thwart the prosecution of his offense, rather than the investigation. Based on the findings in the presentence report, which he failed to rebut, it is plausible that Teague's threats were likely to thwart the investigation of his offense; therefore, he fails to show that the district court clearly erred in finding that he obstructed justice. *See Juarez-Duarte*, 513 F.3d at 208.

Accordingly, the judgment of the district court is AFFIRMED.