# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 16, 2021

Lyle W. Cayce
Clerk

No. 20-40517
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL PARDO-OSEGUERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:18-CR-223-7

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Juan Manuel Pardo-Oseguera pleaded guilty to conspiracy to possess with the intent to manufacture and distribute methamphetamine and was sentenced to 135 months in prison. Over Pardo-Oseguera's objection, the district court applied a two-level enhancement to his offense level pursuant

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-40517

to U.S.S.G. § 2D1.1(b)(1) for his possession of a firearm and a two-level enhancement under § 2D1.1(b)(12) for maintaining a premises for the purpose of drug distribution. He now challenges both enhancements on appeal.

The district court's application of § 2D1.1(b)(1) and § 2D1.1(b)(12) is a factual finding reviewed for clear error. *See United States v. King*, 773 F.3d 48, 52 (5th Cir. 2014); *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *King*, 773 F.3d at 52 (internal quotation marks and citation omitted).

For § 2D1.1(b)(1) to apply, the government must first prove the defendant possessed the firearm, which it may do by showing the firearm was in the same location as drugs or drug paraphernalia. *See id.* at 53. If the government meets its burden, the defendant can avoid the enhancement only "by showing that it was clearly improbable that the weapon was connected with the offense." *Id.* (internal quotation marks and citation omitted); *see also* § 2D1.1, comment. (n.11(A)). Here, the Government established that a firearm was found in Pardo-Oseguera's home, along with a loaded magazine, a digital scale with methamphetamine residue, and wrappings used for drugs. Based on those facts, the district court could plausibly find that the Government met its burden of showing that Pardo-Oseguera possessed a firearm for purposes of § 2D1.1(b)(1). *See United States v. Caicedo*, 103 F.3d 410, 411-12 (5th Cir. 1997). Further, the district court's finding that Pardo-Oseguera did not show that it was "clearly improbable" that the firearm was connected to the conspiracy offense is plausible. *See King*, 773 F.3d at 54.

Under § 2D1.1(b)(12), a defendant's offense level may be increased by two levels if he "knowingly maintains a premises (i.e., a building, room, or enclosure) for the purpose of manufacturing or distributing a controlled

substance, including storage of a controlled substance for the purpose of distribution." § 2D1.1, comment. (n.17). Pardo-Oseguera's argument that the district court applied the enhancement based on bare assertions and without factual findings is unconvincing. The district court made specific findings in support of its application of the enhancement, including that more than 400 grams of methamphetamine were found on Pardo-Oseguera's property, drug paraphernalia and a firearm were found in his home, and his home was sparsely furnished, which indicated it was being used as a "stash house." Based on those facts, the district court could plausibly find that Pardo-Oseguera maintained a premises for the purpose of storing drugs for distribution. *See Haines*, 803 F.3d at 744-45; *see also* § 2D1.1, comment. (n.17).

In light of the foregoing, the district court did not clearly err in applying § 2D1.1(b)(1) or § 2D1.1(b)(12). However, even if we were to assume, arguendo, that the district court erred, any error would be harmless. *See United States v. Castro-Alfonso*, 841 F.3d 292, 298-99 (2016). "We take the district court at its clear and plain word" that it would have imposed the same sentence even if its guidelines calculation were incorrect, and there is no indication that the district court was improperly influenced by an erroneous guidelines range, as it "was firm, plain, and clear in expressing [its] reasoning" that the sentence was appropriate in light of the 18 U.S.C. § 3553(a) factors. *Id.*

The district court's judgment is AFFIRMED.