# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2022

Lyle W. Cayce
Clerk

No. 21-40580
Summary Calendar

─────────

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Arturo Gonzalez,

*Defendant—Appellant*.

─────────

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:19-CR-1980-2

─────────

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Jorge Arturo Gonzalez pleaded guilty of conspiracy to possess with intent to distribute 500 grams or more of cocaine, and he was sentenced

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40580

within the guidelines range to a 235-month term of imprisonment and to a four-year period of supervised release. He challenges his sentence only.

A district court's interpretation and application of the Sentencing Guidelines is subject to de novo review, while factual findings are reviewed for clear error. *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id.* We will not find clear error unless a "review of the record results in a definite and firm conviction that a mistake has been committed." *Id.* (internal quotation marks and citation omitted).

The facts are that Gonzalez's co-conspirator was arrested when she attempted to smuggle cocaine across the border with Mexico; that the co-conspirator agreed to cooperate and participated in a controlled delivery to Gonzalez's apartment; and that the controlled delivery led to Gonzalez's arrest and conviction.

*Threat Enhancement*

Gonzalez contends that the district court erred in enhancing the sentence under U.S.S.G. § 2D1.1(b)(2) because Gonzalez uttered a threat that was overheard by his co-conspirator related to her cooperation with the Government. The argument is (1) that the fact that the threat was made was not proven by reliable evidence and was uncorroborated; (2) that the threat was not credible because Gonzalez and the co-conspirator were detained; and (3) that the enhancement does not apply because the threat was not made during the drug trafficking offense.

Subsequently, there was a drive-by shooting at the co-conspirator's residence in Mexico, where her parents and child lived. A bullet was left on which the co-conspirator's name had been written, and the family dog was killed.

No. 21-40580

On this record, the district court's finding that Gonzalez had threatened the co-conspirator was plausible and therefore was not clearly erroneous. *See Zuniga*, 720 F.3d at 590. Gonzalez's contention that the threat must be made during the offense is without merit. *See United States v. Barrera*, 697 F. App'x 373, 373-74 (5th Cir. 2017); *see also United States v. Chavez-Luna*, 779 F. App'x 242, 243 (5th Cir. 2019) (finding no plain error in imposing enhancement because threat was part of relevant conduct); *United States v. Teague*, 772 F. App'x 149, 150 (5th Cir. 2019) (finding no clear error where threat was part of relevant conduct); *United States v. Torres*, 694 F. App'x 937, 939, 942 (5th Cir. 2017) (affirming enhancement, reasoning that coconspirator's threats were relevant conduct).[1] Gonzalez's threat and the drive-by shooting both were relevant conduct and provide a basis for imposition of the threat enhancement. *See* U.S.S.G. § 1B1.3(a)(1)(A) & (B).

### *Obstruction of Justice Enhancement*

Next, Gonzalez contends that the district court erred in enhancing the sentence under U.S.S.G. § 3C1.1 for obstruction of justice related to the threat made to the co-conspirator. Gonzalez asserts that there was no showing that the threat materially hindered the investigation. The district court determined implicitly that the purpose of the threat was to dissuade the co-conspirator from cooperating. Gonzalez argues obliquely that imposition of the threat enhancement and the enhancement for obstruction of justice involve improper double counting. Sections 2D1.1(b)(2) and 3C1.1 do not expressly prohibit dual application. *See United States v. Luna*, 165 F.3d 316, 323 (5th Cir. 1999) (holding that double counting is permitted unless

---

[1] Unpublished opinions issued in or after 1996 "are not precedent" except in limited circumstances, 5TH CIR. R. 47.5.4, but they "may be persuasive authority," *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

expressly prohibited).  The district court did not clearly err in imposing the obstruction-of-justice enhancement.  *See United States v. Guidry*, 960 F.3d 676, 681 (5th Cir.), *cert. denied*, 141 S. Ct. 602 (2020).

## *Acceptance of Responsibility*

The district court erred, Gonzalez contends,  in refusing to reduce the offense level for acceptance of responsibility because Gonzalez had obstructed justice.  Gonzalez asserts that he pleaded guilty and provided a statement accepting responsibility.  Gonzalez has not shown that the district court's ruling was "without foundation."  *United States v. Leontaritis*, 977 F.3d 447, 453 (5th Cir. 2020), *cert. denied*, 142 S. Ct. 335 (2021).

## *Calculation of Base Offense Level*

Gonzalez contends that the district court erred in determining his base offense level.  The base offense level was determined on the basis of the 2.97 kilograms (net weight) of cocaine involved in the instant offense, the co-conspirator's statement regarding previous deliveries to Gonzalez's apartment, and five additional kilograms of cocaine observed on the video evidence retrieved from Gonzalez's cell phones.  The district court's drug quantity finding is plausible in light of the record as a whole and, therefore, was not clearly erroneous.  *See United States v. Lucio*, 985 F.3d 482, 485 (5th Cir.), *cert. denied*, 142 S. Ct. 177 (2021).

## *Weapons Enhancement*

The district court erred, Gonzalez contends, in enhancing the sentence under U.S.S.G. § 2D1.1(b)(1) because a dangerous weapon was possessed.   The record shows that Gonzalez kept firearms inside his residence, which was used for drug distribution, and in the proximity of drug paraphernalia. *See United States v. Juluke*, 426 F.3d 323, 328 (5th Cir. 2005); *United States v. Caicedo*, 103 F.3d 410, 412 (5th Cir. 1997).  The district court

No. 21-40580

did not clearly err in imposing the enhancement. *See United States v. Vital*, 68 F.3d 114, 119 (5th Cir. 1995).

### *Mitigating Role Adjustment*

Gonzalez next asserts that he should have received a mitigating role adjustment under U.S.S.G. § 3B1.2. Gonzalez had the burden of showing that the adjustment was appropriate. *See United States v. Castro*, 843 F.3d 608, 613 (5th Cir. 2016). Gonzalez asserts that his role in the offense was merely to receive and store narcotics. Gonzalez did not debrief, however, and he has not met his burden of showing that the adjustment was appropriate. *See id.* The district court thoroughly explained its ruling, and it did not clearly err in refusing to grant a role reduction. *See United States v. Escobar*, 866 F.3d 333, 335-36 (5th Cir. 2017).

### *Maintenance of Premises*

Finally, Gonzalez contends that the district court erred in enhancing the sentence under U.S.S.G. § 2D1.1(b)(12) for maintenance of premises. Our review is for clear error. *See United States v. Galicia*, 983 F.3d 842, 843 (5th Cir. 2020). The evidence showed that Gonzalez possessed substantial quantities of drugs in his apartment on multiple occasions over an extended period; that he had received multiple deliveries of drugs there; and that drug paraphernalia, weapons and ammunition, and drug-related financial records were found there. The district court's finding was not clearly erroneous. *See Galicia*, 983 F.3d at 844-45.

The judgment is AFFIRMED.