# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40733
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2018

Lyle W. Cayce
Clerk

TRAVIS HUNTER BLANK,

Plaintiff-Appellant

v.

COLLIN COUNTY; TERRY BOX; RANDY CLARK; VICTOR HUTCHINSON; JOHN FERRELL; SHAWNA KING; CORRECTIONAL HEALTHCARE MANAGEMENT,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:13-CV-519

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Travis Hunter Blank, federal prisoner # 16486-078, proceeding pro se, filed a 42 U.S.C. § 1983 complaint against Collin County, Collin County Sheriff Terry Box, Collin County Jail (CCJ) Administrator Randy Clark, Correctional Healthcare Management (CHM), CHM Health Administrator Victor Hutchinson, CHM Primary Care Physician John Ferrell, and CHM Charge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40733

Nurse Shawna King, in their official and individual capacities, alleging that they were deliberately indifferent to his serious medical needs, to wit, his Crohn's disease and related ailments, including anemia, kidney disease, hemorrhoids, and migraines, in violation of the Eighth and Fourteenth Amendments. The district court dismissed the complaint with prejudice for, inter alia, Blank's failure to exhaust CCJ's administrative grievance procedure.

Blank first argues that the district court erred in denying his post-judgment motion for an extension of time to file a response to the court's memorandum opinion and order of dismissal. In the district court, and on appeal, Blank did not state with specificity the basis upon which he would have challenged the district court's memorandum opinion and order of dismissal. This court reviews only those issues presented to it; it does not craft issues. *United States v. Brace*, 145 F.3d 247, 255 (5th Cir. 1998) (en banc). To the extent that Blank would have challenged the district court's conclusion that he failed to exhaust administrative remedies, as discussed below, he has not shown error.

Next, Blank argues that the district court erred in dismissing his complaint for failure to exhaust administrative remedies and erred in taking judicial notice of its own records in a separate case arising from a similar set of facts. *See Blank v. Robinson*, No. 4:13-cv-014 (E.D. Tex. Mar. 24, 2015). The Prison Litigation Reform Act (PLRA) requires that a prisoner exhaust all available administrative remedies prior to bringing suit. *See* 42 U.S.C. § 1997e(a). That is, "prisoners must complete the administrative review process in accordance with the applicable procedural rules -- rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218 (2007) (internal citation and quotation marks omitted).

2

Here, CCJ provided for a two-step grievance procedure which required that the inmate first complete a grievance form and then appeal directly any unfavorable decision to the Sheriff of Collin County.

We review the district court's legal rulings concerning exhaustion de novo and its factual findings for clear error. *Dillon v. Rogers*, 596 F.3d 260, 273 (5th Cir. 2010). "A court may take judicial notice of the record in prior related proceedings, and draw reasonable inferences therefrom." *In re Missionary Baptist Found. of Am., Inc.*, 712 F.2d 206, 211 (5th Cir. 1983).

Given the determination in *Robinson* that Blank failed to exhaust administrative remedies because he did not complete CCJ's two-step grievance procedure regarding his alleged inadequate medical care, the district court's reliance thereon in the instant case concluding the same was not error. *See Jones*, 549 U.S. at 218; *In re Missionary Baptist Found. Of Am., Inc.*, 712 F.2d at 211. We do not address Blank's argument that the district court erred in dismissing the claims against King for insufficient service of process because we affirm on the alternative basis that he failed to exhaust administrative remedies. *See Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992). The judgment of the district court is AFFIRMED.